NANCE v. HOOPER.

1. The orphans' court, under the act of 1835, has no jurisdiction to assign dower unless of lands of which the husband died seized.
2. A sale of the husband's interest in lands under a *fi. fa.* does not affect the widow's right to dower in the same lands.

Writ of Error to the Orphans' Court of Pickens.

THIS is an application by Sarah Hooper, to the judge of the county court of Pickens county to assign dower in certain lands described in the petition. After the filing of the petition, James Nance appeared before the court, and having suggested he was the owner of one of the tracts described therein, prayed to be permitted to contest her right to dower in the same. This was allowed, and he then pleaded that the husband of the petitioner was not at the time of his death seized and possessed of any interest in the land of which the petitioner is entitled to dower as the widow of her said husband.

The cause was heard at a regular term of the orphans' court, held on the second Monday of November, 1846. The petitioner produced a patent for the tract of land issued by the United States in the year 1820, to her husband. The contestant then proved a sheriff's deed for the same land, dated in 1826, and reciting a sale and conveyance by virtue of a *fi. fa.* against the petitioner's late husband to one John Hooper, by whom it was conveyed in 1838 to James H. Hooper in fee simple, and as his property was seized and sold to the contestant in 1844 by virtue of a *fi. fa.* against him.

On this evidence, the court ruled that the sale of land by the sheriff under a writ of *fi. fa.* in the lifetime of the husband, did not bar the petitioner, then being his wife, from obtaining dower in the land.

This ruling was excepted to, and the court having awarded a writ of admeasurement of dower, the contestant sues out his writ of error, and here assigns—

1. That the court erred, in the ruling at the hearing.

2. In giving judgment for the demandant, when it should have been for the contestant.

3. That the court had no jurisdiction.

H. STITH and B. W. HUNTINGTON, for the plaintiff in error, made the following points:

1. The orphans' court has no jurisdiction of dower suits. [Barney v. Frowner, 9 Ala. Rep. 901.] Nor will the appearance of the party contesting the dower prevent him from showing the defect of jurisdiction. [Wyatt v. Judge, 7 Port. 37; McDaniel v. Moody, 3 Stewart, 314.]

2. The widow in this State is endowable only of lands whereof the husband died *seized and possessed*, or had *conveyed* before his death. [Digest, 172, § 3.] But all lands are subject to the payment of judgments and decrees; (Ib. 205, § 17,) and such from their rendition are *liens* throughout the State; (Morris v. Ellis, 3 Ala. Rep. 560; Campbell v. Spence, 4 Ib. 543,) therefore, if the lands of the husband are sold before the dower attaches, there is no seizin at the time of the death, or conveyance during the lifetime. The declaration that land shall be subject to the payment of judgments, is inconsistent with the retention of any claim to dower of the land as sold under the judgment.

3. In other States, it has been held that an assignment of dower by the probate court is bad, if the husband did not die seized. [Fink v. Eastman, 5 N. H. 240.] And in Scott v. Croosdale, 1 Yeates, 75, a sale under a *levari facias* was held to defeat the dower of the wife.

4. But if the widow is dowable, she cannot stand in a more favorable condition than if her husband at the time of the sheriff's sale had conveyed by deed. In such case, after his death she is not dowable of the land, but only a third of its value *at the time of sale*, (Barney v. Frowner, 9 Ala. R. 901; Hale v. James, 6 Johns. Ch. 258,) or only of interest annually on one-third the value. [Watson v. Davisson, 2 Roberson, 384; 7 Cranch, 380.]

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. Previous to the examination of
the principal question presented in this cause, we shall dis-
pose of that relating to the jurisdiction of the court.    In Bar-
ney v. Frowner, 9 Ala. Rep. 901, the application for dower
embraced several distinct parcels of land which had been
sold by the husband, and we considered the general statutes
on the subject of dower as not investing the orphans' court
with the jurisdiction to hear and determine such cases.    We
did not then advert to a statute passed in 1835, because our
attention was not called beyond the general law.    This stat-
ute would have produced no change in the conclusion upon
that case, though the expressions then used with reference
to the want of jurisdiction could have been appropriately
qualified by showing the effect of the latter act.    That is in
these words:  " Whereas, doubts have arisen whether or not
judges of the county courts could make decrees for the sale
of real estate of deceased persons, and exercise other powers
in relation to the same at the terms of the county courts held
in vacation, for remedy whereof, be it enacted, &c. that it
shall be lawful for the several judges in this State to hear
and determine all applications for dower, as well as applica-
tions to sell the real estate of deceased persons, at any of the
terms of said court."    If the intention of the declaratory act
was to invest the orphans' court with entire jurisdiction over
all suits which may arise out of applications for dower, it
certainly was a great omission not to provide the means for
trying contested issues of fact; and even if this mean was
provided, or could be called into existence by construction,
the difficulty would remain of adjourning or continuing the
cause from one fortnight to another until the cause was pre-
pared for trial.    Yet it is evident enough that some jurisdic-
tion over the subject matter was intended.    The preamble to
the statute in our judgment furnishes the key to unlock its
meaning.    Doubts had arisen whether the judges of the
county courts at the courts held in vacation could make de-
crees for the sale of *real estate of deceased persons*, and exer-
cise *other powers* in relation *to the same*.    Now, in no sense
of the terms can real estate which one has sold in his lifetime
be said to belong to his estate upon his death, and it is not to
such estates the statute has reference.    But lands of which

the deceased was possessed at the time of dying would certainly fill the description in the preamble, and it is with relation to these that the *other powers* are in our judgment to be exercised. The orphans' court, previous to the enactment of this statute, was invested with a very general jurisdiction over the real and personal estates of decedents, and there is an obvious propriety in investing this court with jurisdiction over the matter of dower in such lands as at the time of its enactment passed to the heir, and over which by a later statute the personal representative may exercise the power of renting. [Digest, 199, § 36.] In Kentucky, the general statutes in relation to dower vested the determination of suits for dower in the circuit courts, but a declaratory act very similar to that we have just construed was subsequently passed, which after reciting that doubts had arisen whether the county courts had jurisdiction to appoint commissioners to assign dower, proceeded to confer the jurisdiction; yet the court of appeals of that State held that dower by virtue of this act could not be assigned by commissioners thus appointed, when the lands of which dower was claimed had been sold by the husband. The terms of the statute are as general as our own, but the decision is arrived at on the grounds which we have placed that now made. [4 Bibb, 462.] In other States, similar statutes investing the ordinary courts with power to assign dower, have received the same construction. In Massachusetts and New Hampshire the power is given in general terms, yet in both States it is held the probate courts have no jurisdiction to set off dower in any other lands than those of which the husband dies seized, though the widow's right attaches to all lands of which he was seized during coverture. [Pinkham v. Gear, 3 N. H. 163; Sheaff v. O'Neal, 9 Mass. 9.] These reasons and authorities lead us to the conclusion that the act of 1835 does not invest the orphans' court with jurisdiction over the subject of dower, except of such lands as the husband had seizin at his death. Whether it has jurisdiction even in those cases, if there is a contest of fact, need not be decided. As the court below was without jurisdiction to assign dower in the particular tract of land claimed by the contestant, the judgment, as it affects him, must be reversed, but the application in-

cluding other lands which may be presumed to have been held by the husband at the time of his death, the cause will be remanded for further proceedings with reference to these.

2. As the plaintiff in error presses for a decision of the principal question, and as that has been sufficiently argued, we proceed to pronounce our opinion upon it, as otherwise it may return in another suit. The only decision, to which our attention has been directed, holding a sheriff's sale as destroying the right of the wife to dower is in Scott v. Croosdale, 1 Yeates, 75, S. C. 2 Dallas, 127. That seems to establish that in Pennsylvania the widow is dowable only of such lands as remain of the estate of her husband after payment of his debts. The lands were sold under a *levari facias* against her husband's executors, and the sale was held to take away her dower estate in the particular lands. But even in that State, it would seem that if the lands had been sold under a *fi. fa.* against her husband in his lifetime, the widow's right would remain unaffected. This was held some three years after the decision of Scott v. Croosdale, in regard to an estate tail held by the husband, but sold under a *fi. fa.* against him. [Sharp v. Pettit, 1 Yeates, 339.] The rule is believed to be general in those States where the common law prevails, or where the common law right of dower is not materially changed by statute ; but the widow is dowable of all lands held during coverture by the husband under a legal seizin. In Ayer v. Spring, 9 Mass. 8, the land of which dower was demanded had been extended and sold under an execution, yet the widow was held dowable of its value at the time of the execution, though not of its increased value by reason of improvements made afterwards. In Embree v. Ellis, 2 Johns. 123, the lands were sold under *fi. fa.* against the husband, but this, so far from defeating the claim of the widow, was, coupled with his previous possession, the only title shown in him to support the dower estate. In Harrison v. Eldridge, 2 Halst. 392, the husband and wife both joined in a mortgage, and the land was afterwards sold by the creditor under a *fi. fa.* against the husband, but neither the sale nor the mortgage were considered as destroying the dower estate as against the purchaser. Other cases asserting the same principle, it is supposed could be found, but

these are amply sufficient, in our judgment, to show how little ground there is to suppose the dower estate affected by a sale of the husband's interest under a *fi. fa.* Our statutes in relation to the subject of dower have not materially changed the common law. By one it is expressly provided the widow shall be dowable of one-third part of the lands, although the estate of the husband may be insolvent; and by another, this third part is to be of the lands of which the husband shall die seized, or shall have conveyed before his death, whereof the widow has not relinquished the dower. [Digest, 172, § 2, 3.] As the husband cannot by his conveyance affect the right of the wife to dower, it would be strange if this effect should be produced by a sale under a *fi. fa.*, for it would always be in his power to produce this result as easily as to make a conveyance. The circumstance that lands are made subject to the payment of judgments and decrees does not touch this question, because the right of dower is no part of the husband's estate, but is an interest which the law vests in the wife, and is thus protected against any alienation or incumbrance made or created by the husband. We think it clear the sale under the *fi. fa.* of the husband's interest, left the wife's right of dower as it previously was.

Judgment reversed and cause remanded.