Blackmon v. Blackmon et als.

---

## BLACKMON vs. BLACKMON et als.

1. An antenuptial agreement, by which the intended wife, in consideration of the settlement of her own estate to her sole and separate use, releases and relinquishes to her expected husband all claim to dower in the lands of which he may be seized during the coverture, is not a bar to a proceeding at law, after his death, for an allotment of her dower.

Error to the Circuit Court of Wilcox. Tried before the Hon. Nathan Cook.

W. F. Gee, for plaintiff:

1. At common law an ante-nuptial contract could not be

45

Blackmon v. Blackmon et als.

set up in bar of dower—Bac. Ab. Tit. Jointure; 2 Ala. 83; but the statute of 27th of Henry VIII, commonly called the statute of uses, altered the common law in this respect. By a chapter in that statute, it was provided that where jointures were settled in lieu of dower, possessing certain requisites prescribed by the statute, the claim of dower should be thereby barred, but the chapter in the statute which relates to jointures never was of force in this State, and the common law in this respect is unaltered.—Gould, ex'r, v. Womack and wife, 2 Ala. 83.

2. But if the chapter in the statute of uses which relates to jointures was of force in this State, these pleas would be bad under the statute. By that statute, a competent provision settled in lieu of dower could alone operate a bar of the right. Neither of these pleas avers that any settlement was made in lieu of dower; they only assert that an agreement under seal was entered into by the parties to it, by which the petitioner covenanted that the estate of the deceased should be free and exempt from all claim of dower, in case she survived him, and the deceased covenanted on his part, that the petitioner should hold to her own separate use all property she then owned, or might afterwards acquire; but no allegation or averment is made in either of the pleas, that she owned any property at the time the agreement was made, nor is there any allegation that she subsequently acquired any. For the court therefore to suppose that she held any property secured by the terms of the agreement, would be to aid the pleas, by infering the existence of facts no where asserted by them, and would be directly opposed to the fixed and settled rule, that in pleading the construction shall be uniformly most strong against the party pleading.

SELLERS, *contra.*

PARSONS, J.—The plaintiff in error as the widow of Thomas Blackmon, deceased, filed her petition in the Circuit Court of Wilcox, against the heirs and representative of her late husband, to recover her dower in certain parcels of land. The petition alleges the seizin of her husband during the marriage, and that after the marriage he conveyed by his deed the same land to his three sons, who are the defendants in er-

ror, as joint tenants in fee simple, and that the three sons accordingly went into possession of the lands.

The defendants in error (the three sons) filed their three several pleas to the petition. There is no question of law, however, as to the first. The second plea alleges an antenuptial covenant and agreement under seal, between the petitioner and her late husband in contemplation of their marriage, whereby he was to enjoy all his then present and future estate free from the claim of the petitioner by way of dower, or otherwise, in case she should survive him, and she was to have and hold to her own separate use all her then present and future estate, together with the rents, &c. of the same, to be controlled &c. as she might think proper. This plea further alleges that she has ever since had and still has her estate, &c. according to the deed.

The third plea alleges that the petitioner, while she was sole and unmarried, covenanted with her late husband, that in the event of their marriage, and in consideration that he then and there covenanted with her that she should, notwithstanding said marriage, have and hold &c. to her sole and separate use, all her then present and future estate, together with the rents, &c. of the same, then and in consideration thereof, released and relinquished all claim &c. that might accrue to her by said marriage, in case she should survive him, by way of dower, or otherwise, to his then present or future estate. The plea further alleges that said Thomas did then and there enter into covenants with the petitioner, to the effect aforesaid, that she accepted the same, and has ever since held, &c. her own estate, with the rents &c. to her sole and separate use.

To the second and third pleas there were demurrers, which were overruled by the court, and this is assigned as error. If for the purpose of avoiding circuity of action, we could hold that the agreement stated in the second plea amounted on the part of the petitioner to a release of dower, then the second and third pleas would be the same in effect. As the third plea however alleges a release, we will confine our remarks chiefly to it, for if it cannot be sustained, the second plea must fall of course. In Gould, executor of Hays, v. Womack and wife, 2 Al. 83, the court observed: "At common law, by the marriage, the wife acquired a right to be endowed of one-

third part of her husband's lands. This right she could not alien or dispose of, in consequence of two maxims of the common law : 1st—that no right can be barred before it accrues ; 2d—that no right or title to an estate of freehold can be barred by a collateral satisfaction."

The matters alleged in the 2d plea are clearly within the 2d of these maxims, unless those matters can have the effect of a release of her dower. If they can have that effect, then they and the third plea stand on the same ground, and are subject to the first of the maxims, " that no right can be barred before it accrues." It may be said, however, that the question whether a woman can, before marriage, *release* her claim to dower in the lands of her intended husband, did not arise in the case cited. But we find by other authorities that it is a correct principle, and that it applies to such a claim.—Bac. Ab. title Jointure. In Hastings v. Dickinson and wife, 7 Mass. Rep. 153, the case was that the widow of one Thomas Hastings brought her writ of dower, and it appeared that previous to her marriage with her deceased husband, a marriage settlement was executed by them and one Watson, as trustee, in which she covenanted with her intended husband, his heirs, &c. in consideration, &c. never to claim any right of dower, &c. in the estate of which he might die seized and possessed. It was remarked by Chief Justice Parsons, " that it was well known that at common law, a jointure made to a wife, before or after marriage, was no bar to her dower; because the dower being a freehold estate could not be barred by any collateral satisfaction," citing Coke Lit. 36, b.; 4 Coke 1. The Chief Justice next considered the second question in the cause, viz, whether her covenant never to claim dower could have the effect of a release. Upon this he said, " it is true that a covenant never to prosecute an existing demand shall operate as a release, to avoid circuity of action. But a release of a future demand, not then in existence, is void. Now in this case, the settlement being executed before the marriage, the demand of dower had no existence, the same not being inchoate." And then he stated that if there be any relief against the widow on her covenant, it must be by action. There are other cases which support the doctrine of the case last cited, and they show besides, that neither the widow's

covenant, nor her release of dower before marriage, can estop her. The doctrine of estoppels is not applicable.—Gibson v. Gibson and others,'15 Mass. 106; Croade v. Ingraham, et al. 13 Pick. 33; Vance v. Vance, 8 Shep. Rep. 364.

At present we decide nothing as to the effect which the matters stated in the second and third pleas might have in equity. We only decide that as a bar to her claim of dower in a proceeding at law, they are unavailing. The demurrers to those pleas should have been sustained; and for the error in this respect the judgment must be reversed, and the cause remanded.