30 329·<br>
105 300<br>
30 329<br>
118 424

# VAUGHAN *vs.* VAUGHAN'S HEIRS AND ADM'R.

[BILL IN EQUITY FOR ALLOTMENT OF DOWER AND RECOVERY OF LEGACY.]

1. *When widow's dissent from her husband's will is necessary to perfect right of dower.* Where any provision, either by bequest or devise, is made for the wife by her husband's will, and such provision does not plainly appear from the will to have been intended in addition to her dower, her right of dower is barred by her failure to dissent from the will within twelve months after its probate; and this rule applies where the will, purporting to dispose of both realty and personalty, and directing the entire estate to be kept together, and the whole proceeds to be applied to the support of the testator's wife and children, is valid only as to the personalty.

22

2. *Construction of legacy as to condition precedent.*—Under a bequest in these words, "If my wife never marries, she is to pick out fifteen of my best negroes, and keep possession of them during her natural life, or her will and pleasure," the selection of the slaves by the legatee is in the nature of a condition precedent.

3. *When legatee may come into equity.*—If an executor refuses to assent to a legacy, where his refusal is not necessary to protect the rights of creditors or other legatees, the legatee may come into equity, to compel an assent to and delivery of his legacy, with interest or hire; but where a selection by the legatee is annexed as a condition precedent to his legacy, the selection must be made, and notice thereof given to the executor, before the filing of the bill, unless such selection is prevented by the executor.

4. *Supplemental bill.*—A fact which, though necessary to the perfecting of the original cause of action, did not exist until after the original bill was filed, cannot be brought forward by supplemental bill.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Mrs. Mary O. Vaughan, widow of Alfred G. Vaughan, deceased, against the heirs-at-law and administrator with the will annexed of her said husband, seeking an allotment of her dower in her husband's real estate, and the recovery of a legacy under his will. The bill was filed on the 15th January, 1856. The testator died in April, 1851. His will, which, not being attested as the statute requires, was admitted to probate as a will of personalty only, directed his plantation to be sold by his executor, and a smaller tract to be purchased for his family; and that all his property should be kept together, and the whole of the proceeds be applied to the support and education of his wife and children. It contained, also, a clause in these words: "If my wife never marries, she is to pick out fifteen of my best negroes, and keep possession of them during her natural life, or her will and pleasure; but the income, or profits, arising from said negroes which she may select, is to be applied to her support, and the education of my children." A supplemental bill was filed, alleging that, after the filing of the original bill, complainant had selected the fifteen slaves which she wished to take under this bequest, and that the administrator refused to let her have them.

Answers were filed by the several defendants, and demurrers inteposed for want of equity.

On final hearing, the chancellor dismissed the bill, absolutely so far as it sought an allotment of dower, and without prejudice so far as it related to a recovery of the legacy; and his decree is now assigned as error.

Jno. T. Lomax, for appellant.—1. In the allotment of dower, and the recovery of legacies, chancery has concurrent jurisdiction with the probate court.—Owen v. Slatter, 26 Ala. 547; 8 Porter, 397; 28 Ala. 632. Where damages are sought, it has exclusive jurisdiction.—11 Ala. 32; 13 Ala. 329.

2. The complainant's right of dower is not barred under the acts 1806 and 1812, construed separately or together. It appears from the will that the bequest was intended in addition to a larger estate than dower. The decision of this court, upon the will in Hilliard v. Binford, 10 Ala. 977, is not inconsistent with this view. The will in that case expressed no intention or desire that the widow should have an interest in the land, but that the land should be divided among the testator's children. The act of 1812 was intended, doubtless, to obviate the injustice and hardship of a literal construction of the act of 1806, which would exclude a widow, to whom but an inconsiderable bequest was given, from dower in an extensive real estate; though the will might express an intention that she should take an estate as devisee in addition to the legacy, which intention failed because the attestation was not sufficient to pass the real estate. The construction of these acts, as expressed by C. J. Collier in the case cited, it is submitted, cannot be sustained. The act of 1812, he says, was borrowed from the statute of North Carolina, only substituting *and* for *or*. Why this change in phraseology, if it was not intended that our act should receive the construction contended for by Ormond, J., in his dissenting opinion? Had our act been original, there would have been more force in the reasoning of the chief-justice. No inconvenience can result from overruling this decision, since the Code (§ 1372) bars all the claims to dower under the old law.

3. The complainant's failure to select her fifteen slaves,

and make a demand for them, before filing her original bill, should not prejudice her right. A demand would have been unavailing, and was therefore unnecessary, since her rights were denied. There is no rule of equity which requires a legatee to make a demand before suit brought, nor is it required by the statute. It is the duty of the executor to deliver a legacy, so soon as the legatee becomes entitled to receive it. He is a trustee for the legatee. It would be unjust to require the complainant to make a selection, until the slaves were to be put into her possession; for, in the interval, some might die, be disabled, or otherwise impaired in value, and she would thus fail to get fifteen "of the best." The supplemental bill was unnecessary, and was only useful in facilitating the proceedings.

WM. E. CLARKE, and WEBB & INGE, contra.—1. The complainant's right of dower was barred, by her failure to dissent from the provisions of her husband's will within the time prescribed by the statute.—Hilliard v. Binford's Heirs, 10 Ala. 994; McLeod v. McDonnel, 6 Ala. 236.

2. The legacy did not vest until the slaves were selected and picked out by the complainant. Until then, the administrator could not assent to the legacy, the subject of it being uncertain. It was the duty of the legatee to take notice of the conditions annexed to her legacy, and not the duty of the administrator to inform her.—Roper on Legacies, vol. 1, p. 563. The allegation of the supplemental bill, as to a selection and demand after suit brought, cannot aid the case.—Hill v. Hill, 10 Ala. 527.

RICE, C. J.—In Hilliard and Wife v. Binford's Heirs and Administrators, 10 Ala. 977, a construction was given to the acts of 1806 and 1812 in relation to dower, which has ever since been acquiesced in, and has, without doubt, been acted on as the sound exposition of those acts, by testators in framing their wills, as well as by persons deriving title under wills; and has thus become a rule of property. We do not feel authorized now to overturn that construction. And according to it, where the will

of a deceased husband makes any provision for his wife, either by a bequest to her of any part of his personalty, or by a devise to her of any part of his realty, and the provision does not plainly appear from the will to have been intended in addition to her dower, her failure to signify her dissent from the will, within one year after its probate, is a bar to her right of dower.

It is also settled in this State, that where the testator owned realty and personalty, and his will purports to dispose of both, but is valid only as to the personalty, a provision, that his property should be kept together, and the whole of the proceeds applied to the support and education of his wife and children, is inconsistent with dower and the distribution of the same estate, and is sufficient to put her to an election under the acts of 1806 and 1812; and that, if she does not waive that testamentary provision, within one year after the probate of the will, she will be barred of her right of dower.—Hilliard v. Binford, *contra*; McLeod v. McDonnel, 6 Ala. 236.

According to the principles thus settled, the widow in this case shows no right to dower; and there was no error in dismissing her bill, so far as it asserted a claim to dower.

The only remaining matter to be considered, is the right asserted by the widow to recover in this suit fifteen slaves and their hires. The only foundation on which she bases that right, is that clause of the will of her husband, which is in the following words: "If my wife never marries, *she is to pick out fifteen* of my best negroes, and keep possession of them during her natural life, or her will and pleasure; but the income, or profits, arising from said negroes *which she may select*, is to be applied to her support and the education of my children." Under that clause, *the picking out* of the fifteen negroes by the widow, was in the nature of a condition precedent; and if she did not pick them out before she filed her original bill, and was not prevented from picking them out, she cannot recover them or their hires *in the present suit*. But if, after the expiration of eighteen months from the grant of letters, and during her widowhood, she did pick them out, and

give notice thereof to the representative of the estate, she thereby acquired, under the will, the equitable right to their possession and hires from that time. That right was, of course, subordinate to the claims of creditors of the estate, and to the protection which the law owes to the representative of the estate; but it could not be defeated without proof that the condition of the estate was such that the retention by the representative of the fifteen slaves so picked out by her, was necessary to protect him against the claims of creditors of the estate, or of those entitled to specific legacies. And if, after she so picked out the fifteen slaves, and gave notice thereof to the representative, he failed or refused to assent to the bequest of them to her, and to surrender them to her, and his failure or refusal is not necessary to his protection against the claims of creditors of the estate, or of those entitled to specific legacies, she may resort to a court of equity, to compel him to assent to the said bequest, and to surrender to her the said fifteen slaves so picked out, and to account for their hires.

As she was not prevented from picking out the fifteen slaves, and did not pick them out before her original bill was filed, she cannot recover them or their hires *in this suit*. For, although she did pick them out, and give notice thereof to the representative of the estate, *after this suit was commenced*, that cannot help her in the present suit. A complainant cannot recover in a suit, upon a cause of action which did not accrue until *after that suit was commenced*.—Hill v. Hill, 10 Ala. 527.

The bill was dismissed without prejudice, so far as it related to the fifteen slaves. That was correct. The complainant can proceed herereafter for those slaves, without prejudice from anything said or done in this cause.

There is no error in the decree of the chancellor; and it is affirmed, at the costs of the appellant.