## ADAMS vs. ADAMS.

[PETITION BY WIDOW FOR ALLOTMENT OF DOWER.]

1. *Widow's dissent from husband's will, as necessary to perfect right of dower.* Under the Code (§1609), as under the former statutes, the failure of the widow to dissent, within twelve months, from the will of her deceased husband, is a bar to her right of dower, if the will makes any provision for her which does not appear to have been intended as an addition to her dower.

2. *Election by widow between testamentary and statutory provisions ; conclusiveness and effect of.*—Where the will of the deceased husband makes a provision for the widow, which does not appear to have been intended as an addition to her dower, a case of inconsistent rights is presented, and she is driven to an election between them ; and, although she is not concluded by an election unadvisedly made, she cannot avoid it while retaining the property which she has received by virtue of it : her only remedy against such election is in equity, where she can obtain relief on the restoration of what she has received.

3. *Such election bars dower at law.*—The fact that the widow has elected to take the provision made for her by the will, and still retains the property which she received by virtue of that election, is a bar to her claim for dower in the probate court.

4. *Ante-nuptial contract no bar to dower.*—An ante-nuptial contract, by

which it is stipulated that the marriage "is not to affect any estate or property that either of the parties may have at the time of the marriage, but each has the right to dispose of their own property as they may choose to do, and that the marriage shall have no effect, or create any lien upon each other's property or effects whatever, as is now provided by law,"—is not a bar to the widow's claim for dower in the probate court.

APPEAL from the Probate Court of Dallas.

In the matter of the petition of Mrs. Aritta M. Adams, for an allotment of her dower in the real estate of which her deceased husband, John Adams, died seized and possessed. The petition is nowhere set out in the record, nor does the record show when it was filed. The decedent's last will and testament, which was dated the 18th October, 1859, was admitted to probate on the 18th November, 1861. The widow filed her written dissent from the will on the 3d March, 1862. Her claim of dower was contested by the executors and heirs-at law, who filed the following pleas:— "1st, that the petitioner is not enttitled to dower in the real estate of which her husband died seized and possessed; 2d, that the petitioner is not entitled to dower in the lands mentioned in her said petition; 3d, that the petitioner, by virtue of an ante-nuptial contract, entered into between her and her said husband, John Adams, relinquished her right to dower for a valuable consideration, and, in pursuance of said agreement, after the death of her said husband, with a full knowledge of the provisions made for her in the last will of her said husband, accepted and received the said provision, so made for her in said will, in lieu of her dower, and still has in her possession the property so delivered to her by the executors in lieu of dower; and that the said petitioner so received and accepted from the said executors the said property before she dissented from the will of her said husband." The petitioner took issue on the first and second pleas, and demurred to the third, assigning as causes of demurrer—" 1st, that the said plea is double; and, 2d, that the matters of defense set up in said plea are not cognizable in the probate court, and said court has no jurisdiction over them." The court sustained the demurrer.

On the trial, at the June term, 1862, as the bill of exceptions shows, the petitioner proved her marriage with the decedent, and his death, and then offered evidence tending to prove his seizin and possession, at the time of his death, of the lands described in her petition; and she also read in evidence the will of the decedent, and her dissent from it. By said will, the testator bequeathed to his said wife three slaves, his carriage, a portion of his household and kitchen furniture, and a pecuniary legacy of $250; and bequeathed and devised all the residue of his estate to his six children by a former marriage. The contestants offered in evidence, after proving its execution, an ante-nuptial contract entered into between the petitioner and the decedent; but the court rejected it, on motion of the petitioner, and the contestants excepted. Said contract was in the following words:

"State of Alabama, ⎰ This indenture, made and entered Dallas County. ⎱ into this 6th day of. November, A. D. 1854, between John Adams, senior, of the first part, and Aritta Carson, of the second part, witnesseth, that whereas a marriage is intended between the above-named parties, it is expressly agreed by and between the said parties, that said intended marriage, after the consummation of the same, and carried into effect, that the same is not to *effect* any estate or property that either of the parties may have at the time of the marriage, but each has the right to dispose of their own property as they may choose to do; and that the marriage shall have no effect, or create any lien, upon each other's property or effects whatever, as is now provided by law. In witness whereof," &c.

(Signed by both parties, and attested.)

"The contestants were allowed by the court, against the objection of the petitioner, to make the following proof: They introduced a witness who testified, that he was the overseer of said John Adams at the time of his death, and remained on the place until after the property was divided by the executors; that he knew the property bequeathed to the petitioner by the said John Adams, and that it was worth, at the time of the division, $2,000, or $2,500; that the petitioner was acquainted with the provisions of her

said husband's will in her favor, and with the value of the property thereby bequeathed to her ; that on said division, before she filed her dissent from said will, she accepted from the executors all the property bequeathed to her by said will, except some $250 in money, or thereabouts, in lieu of her dower and distributive share, and stated that she was entirely satisfied with the same, and was willing to abide by the will, and to take the provision made for her in it ; that the legatees in the will agreed to give her, in addition to the provision for her in the will, about $1660, and she agreed to receive the same, and to abide by the will ; that she received of that sum, before filing her dissent from the will, about $260 ; that she had in her possession at the time of filing her petition for dower, and now has in her possession, all the property so received by her ; that, at the time of her marriage with said John Adams, she had a quarter-section of land, and some stock, which were together worth about $1600, which she still retained in her own right, and now has in her possession ; that she is about sixty-six years old, and her youngest child is about twenty years old ; and that she had no child by said John Adams.

"The foregoing being all the evidence in the case, the court thereupon decreed, that the petitioner was entitled to dower in said lands, and that the same should be allotted to her ; to which decree the contestants excepted."

The final decree, the sustaining of the demurrer to the third plea, and several rulings of the court on questions of evidence, which require no particular notice, are the matters now assigned as error.

J. R. JOHN, F. S. BLOUNT, and T. B. WETMORE, for appellants.—1. If the third be double, it is not demurrable on that account.— *Wynne v. Whisenant*, 37 Ala.

2. At common law, if the husband's will made a provision for the widow, in lieu of dower, and she accepted that provision, this barred her dower. Under our statutes, a provision in the will is presumed to be in lieu of dower, unless it is expressly stated to be otherwise intended. Therefore, if the widow elects to receive the provision made for her in the will, and retains the property which she has

Adams v. Adams.

received by virtue of that election, her right of dower is barred, and she cannot afterwards dissent from the will. *Hilliard v. Binford,* 10 Ala. 996; *Vaughn v. Vaughn,* 30 Ala. 332; Bacon's Abr. 221–23, and cases cited. This principle is applicable with peculiar force, where her election was made pursuant to contract for valuable consideration, as in this case.

3. That this defense might be made in the probate court, see *Kennedy v. Mills,* 13 Wendell, 555; *Light v. Light,* 21 Penn. St. (9 Har.) 411; 2 Sch. & Lef. 441; *Bull v. Church,* 5 Hill, 206; 2 Denio, 430.

4. All the assignments of error are insisted on.

Geo. W. Gayle, *contra.*—1. The third plea to the petition was demurrable for duplicity.—1 Chitty's Pl. 226.

2. The ante-nuptial contract was no bar to dower at law, or in the probate court.—*Gould v. Womack,* 2 Ala. 99; *Martin v. Martin,* 22 Ala. 200; *Webb. v. Webb,* 29 Ala. 600 *Blackburn v. Blackburn,* 16 Ala. 635.

3. Marriage, seizin, and death of the husband being shown, the probate court is compelled to allot dower to the widow.—See cases above cited; also, 5 Sm. & Mar. 559; 6 *ib.* 737. The question of election is exclusively of equitable jurisdiction.—*Reaves v. Garrett,* 34 Ala. 558; 2 Story's Equity, § 1097; 3 Bacon's Abr. 317; *Saltmarsh v. Smith,* 32 Ala. 404; *Van Orden v. Van Orden,* 10 John. 30; *Blair v. Harrison,* 11 Illinois, 384; *Croade v. Ingraham,* 13 Pick. 33; 8 Porter, 381.

A. J. WALKER,. C. J.—Before the Code was adopted, the statutes on the subject of dower had received a settled construction, which made the widow's failure to dissent from her husband's will, within the time prescribed, a bar to her dower, if any thing was bequeathed to her that did not appear to have been intended to be in addition to dower.— *Green v. Green,* 7 Porter, 19; *Hilliard v. Binford,* 10 Ala. 977; *Vaughn v. Vaughn,* 30 Ala. 329. Although the precise language of the old law is not used in the section of the Code upon that subject, yet we do not think the rule is changed, or was intended to be changed; and the same

rule which existed before, must be regarded as continued by the Code.

[2.] In this case, the widow, who petitioned the probate court for dower, dissented from the will within twelve months ; but, before dissenting, she had received the legacy bequeathed to her, except $250 in money. Can she, while retaining all the property bequeathed to her (with the exception above stated), recover dower in the probate court ?

Section 1603 of the Code directs as follows : "The widow may, in all cases, dissent from the will of her deceased husband, and, *in the place of the provision made for her by such will*, take her dower in the lands, and of the personal estate such portion as she would have been entitled to in case of intestacy." This statute, in terms, places the dower and distributive share of a dissenting widow, "in the place of the provision made for her by the will," and precludes the conclusion that there can be a right to both. She cannot take that which the will gives, and also that which the law substitutes for it. The petitioning widow in this case, while she retains her legacy, is therefore not entitled to dower. A case of repugnant rights is presented. She can not have both, but was required to elect.

The question as to what evidences a binding election has been much discussed. We refer, without comment, to many authorities upon the subject. See the authorities collected in White & Tudor's Leading Cases in Equity, with Hare & Wallace's notes, pages 397, 398, 419 ; *Dillon v. Parker*; 1 Swanst. 381, note *a; Butrick v. Broadhurst*, 1 Vesey, 171 ; *Wake v. Wake*, 1 Vesey, 335 ; *Stafford v. Powell*, 1 Ball & Beatty, 23 ; *Reynard v. Spence*, 4 Beav. 103 ; *Stark v. Hunton*, 1 Saxton, 216–227 ; *Clay v. Hart*, 7 Dana, 1–6 ; *Upshaw v. Upshaw*, 2 Hen. & Mun. 381 ; *Adsit v. Adsit*, 2 Johns. Ch. 448. In many of the cases, questions arise as to whether an election has been made. In those cases, difficulties are encountered in determining from what circumstances an election will be implied. One of the circumstances most usually relied upon, as authorizing the implication of an election, is the reception and subsequent possession. Strong cases are to be found, where the implication was not drawn

from possession of considerable duration. In this case, there is no question as to the making of the election. It is a fact proved. The witness proves' that she received the property bequeathed to her, except two hundred and fifty dollars in money, in lieu of her dower and distributive share, expressed herself as satisfied with the same, and announced her willingness to abide by the will and take the provision made for her in it. The witness further proves, that the legatees agreed to give her sixteen hundred and fifty dollars, of which sum she received two hundred and sixty dollars, and that she agreed to abide by the will. Here, then, is an actual election to abide by the will, fortified by a contract to do so. The election is a fact established, and there is no question as to whether the possession by her has continued so long as to authorize the implication of an election.

Although she may have made an election, she is not concluded by it, if made in ignorance of the circumstances calculated to influence her choice.—*Reaves v. Garrett,* 34 Ala. 558; *Hall v. Hall,* 2 McCord's Ch. 269–280; 2 Story's Eq. Jur. § 1098; *Adsit v. Adsit,* 2 Johns. Ch. 448; *Wake v. Wake,* 1 Vesey, 335. But we are not to infer from the expression that she is not concluded by an election unadvisedly made, that she can treat her election as a nullity, while she retains all that she may have received by virtue of the election. On the contrary, it is manifest justice, that she should avoid the election, only upon a restoration of what she has received. Such is also the teaching of the cases upon the subject.—See *Wake v. Wake, supra; Stark v. Hunton,* 1 Saxt. Ch. R. 216, 227; *Reaves v. Garrett, supra; Leonard v. Crommelin,* 1 Edw. Ch. 206; *Dillon v. Parker,* 1 Swans., and note *a; Upshaw v. Upshaw,* 2 Hen. & M. 381–392, (opinion of Judge Roan); *Cauffman v. Cauffman,* 17 S. & R. 16–25. Having made an election, she must abide by it as long as she retains the legacy which she has received. If she has been defrauded, or if she has made an unadvised election, her remedy is in equity, to obtain relief upon the restoration of the benefit she has taken under the will.

In fact, the proof in this case justifies the conclusion,

Adams v. Adams.

that the petitioner made the election upon full information and advice. She was informed, as the witness expressly says, of what was bequeathed to her, and of its value; and she appears to have been apprised that she would receive, as dowress and distributee, more in value than the legacy bequeathed to her; for she made a contract with the lega- tees to abide by the will, in consideration of sixteen hun- dred and sixty dollars to be paid to her. Being, then, apprised that her interest lay in dissenting from the will, she seems to have entered upon an estimate of what would compensate or satisfy her for yielding her interest and abiding by the will, and to have accepted an obligation to pay her a certain sum of money by way of satisfaction, and to have actually received a part of the money. Now, while the rule is very strict, which holds that an election should not be compelled without full information, (see *Mor- gan v. Edwards*, 10 Price, 782,) nevertheless, we think it may be fairly presumed, that the widow here did not act, in making her election, without full information and advice, when he find her informed as to the value of the legacy, and stipulating for a compensation for its deficiency. —*Stark v. Hunton*, and *Dillon v. Parker, supra.*

[3.] The probate court, in proceedings for the assignment of dower, is a court of law, and devoid of equitable jurisdic- tion.— *Gould v. Womack*, 2 Ala. 83, 99 ; *Gerald v. Bunkley*, 17 Ala. 170 ; *Martin v. Martin*, 22 Ala. 86–103; *Webb v. Webb*, 29 Ala. 588; *Blackman v. Blackman*, 16 Ala. 633 ; *Barney v. Frowner*, 9 Ala. 901 ; *Nance v. Hooper*, 11 Ala. 552 ; *Thrasher v. Pinckard*, 23 Ala. 616.

The question arises, whether the defense that the peti- tioner has elected to take under the will, is available at law, or in the probate court proceeding as a court of law. In this State, the question is *res integra.* It is settled, that the probate court can take no cognizance of a defense predi- cated upon an ante-nuptial contract.— *Gould v. Womack, supra; Blackman v. Blackman, supra; Webb v. Webb, supra.* This is put upon the grounds, that no right can be barred before it accrues, and that no right or title to an estate of freehold can be barred by a collateral satisfaction.—See, also, *Saltmarsh v. Smith*, 32 Ala. 404. The proposition

18

does not conflict with the authority of the probate court to take cognizance of the defense that a widow has taken her legacy, and is therefore not entitled to dower; for this defense neither asserts collateral satisfaction, nor a bar of a right before it accrues.

But it was further remarked in *Gould v. Womack*, that there can be no legal bar to dower; and it was said in *Portier & McCoy v. Barclay*, (15 Ala. 439,) that when dower is consummated by the three requisites, "marriage, seizin, and death of the husband, the statute makes it imperative upon the court to allot it." Detached from the context, these expressions might be regarded as denying the existence of a legal bar to dower in any case, and affirming the duty of the court to assign dower in all cases, where the three requisites of marriage, seizin and death are found. Yet the widow, by statute in this State, may bar her dower, either by joining in her husband's conveyance, or by relinquishing to his alienee; and the widow is absolutely barred by a failure to dissent within a proper time from her husband's will, when it makes a provision for her not declared to be in addition to her dower. Those expressions are to be qualified by reference to the context, and to the facts of the cases in which they were written.

Whether an election between repugnant rights is cognizable in a court of law, has been a question of extensive legal discussion. There are certain classes of cases, growing out of the doctrine of election, which must, of necessity, be exclusively of equitable jurisdiction. Where an election is to be compelled, or where an election already made effects a transfer of real estate, the remedy must be in chancery. At law, there is no appropriate remedy in the former class of cases; and in the latter, equity proceeds upon principles peculiar to itself. There are, however, many cases, in which the doctrine of election has been recognized at law. Lord Redesdale, in the case of *Birmingham v. Kirwan*, (2. Sch. & Lef. 444–450,) decided, that the rule which precludes the wife from taking dower and that which is given in lieu of it, is acknowledged at law, as well as in equity. We make the following extract from the opinion in that case:

" The rule of election, however, I take to be applicable to every species of instrument, whether deed or will, and to be a rule of law, as well as of equity ; and the principal reason why courts of equity are more frequently called upon to consider the subject (particularly as to wills) than courts of law, I apprehend, is, that at law, in consequence of the forms of proceedings, the party can not be put to elect ; for, in order to enable a court of law to apply the principle, the party must be deemed concluded, being bound by the nature of the instrument, or must have acted upon it in such a manner as to be deemed concluded, by what he has done : that is, to have elected. * * *, * * I apprehend, there is no difference in principle in the decision of the courts. The question has been decided in courts of law, with respect to dower, wherever the form of proceeding admitted of such decision. In 3 Leon. 273, where a provision in bar of dower was made for the wife after marriage, and, consequently, she was not bound to accept it, it was held that, if the wife agreed to such a provision by entry after the death of the husband, she might be barred in a writ of dower, by plea ' *quod intrando agreavit*;' that is, her election bound her, though the agreement did not. On the other hand, it has also been determined in a court of law, (Cro. Eliz. 128,) that if the wife brings a writ of law, and recovers, she shall be barred of her right of entry for a rent-charge devised in lieu of dower, because it was against the intention of the will she should have both, and the acceptance of one is a waiver of the other. A court of law, therefore, will take notice of a provision made for a wife ; and if made in bar of dower, and she should claim it after recovery in a writ of dower, the court of law will hold her barred by that proceeding from claiming the provision made in bar of the dower so recovered. In these cases, the acts of the wife had declared her election ; and having declared her election, and proceeded upon it, in the one case by entry, and in the other by act on record, she was deemed by her own act to have put an end, in the first case, to her election of dower ; in the other, to her claim of the rent-charge in bar of dower. However, it is obvious that, in a variety of instances, the justice of such a case can not be

reached in a court of law, and the interference of a court of equity becomes therefore necessary."

The principle thus defined by Lord Redesdale, was noticed without disapprobation by Sir Thomas Plummer, the master of the rolls, in the leading case of *Gratton v. Howard*, 1 Swanst. 409–425. In the case of *Wilson v. Lord John Townsend*, Lord Loughbrough (afterwards Earl Rosslyn) said, in reference to the rule of election : " The application is more frequent here, but is recognized in courts of law every day." In the case of the *Duke of Devonshire v. Lord Cavendish*, reported in a note to *Griffith v. Harrison*, (4 Term, 738,) Lord Mansfield held, that those who had taken legacies under a will, were within the rule of election, and precluded from taking in hostility to an appointment claimed to have been illegally executed by the will; and this defense was sustained in an action of ejectment, of course at law. Mr. Swanston, in his note to *Gratton v. Howard, (supra,)* says, that this opinion of Lord Mansfield has been strongly questioned on every point, and refers to Sugden on Powers. We do not, however, find the authority of the case questioned, so far as it involves the proposition, that a defense resting upon the rule of election is available at law. Mr. Swanston, in his note, while contesting the views of Lord Redesdale, seems to concede that the rule is cognizable at law, where there are inconsistent titles to different subjects, the assertion of one title being incomplete without a negation of the other.—1 Swanst. 426.

Turning our attention to the American authorities, we find that Judge Story, in his Equity Jurisprudence, (§ 108,) is undecided upon the point of the availability of the rule at law. In New York, a number of decisions have been made upon this subject, and, with a uniformity very slightly interrupted, they maintain, that an election made is cognizable at law.—See the cases collated in the note of Hare & Wallace to *Noys v. Mordaunt*, 1 Leading Cases in Equity, 418. Such seems now to be the settled law in that State. *Kennedy v. Mills*, 13 Wendell, 553 ; *Bull v. Church*, 5 Hill, 206 ; *S. C.*, 2 Denio, 430 ; *Jackson v. Churchill*, 7 Cow. 287 ; *Van Orden v. Van Orden*, 10 Johns. 30. And Hilliard, in his work on Real Property, (vol. 1, 130,) adopts the same

view of the question.—See, also, *Thompson v. Hoop*, 6 Ohio St. 480.

This case does not require us to go farther than Mr. Swanston, in his note above referred to, concedes: that is, that courts of law can recognize an election, in a case where there are inconsistent rights, and the assertion of one is incomplete without a negation of the other. The widow can only take dower upon a renunciation of all that the will bequeathes, and in place of what is so bequeathed. She has no dower until she dissents from the will. Without such dissent her right is incomplete.—*Collins v. Carman*, 5 Md. 503. She can not dissent and take dower, because her right to dower is repugnant to that which she has already elected to take, and has taken; and the reception of that which she has taken, is a negation of her right of dower. This conclusion is not only supported by the array of authorities which we have cited, but it adopts a rule which can work no practical wrong or inconvenience. No good reason, founded in the fitness of things, or in convenience, can be given, why the defense in this case should not be available at law.

The rule of election must always operate reciprocally. If the widow's dower would not be barred at law, by electing to take, and by taking under the will, she would not be precluded at law from taking under the will, although she had accepted everything pertaining to her under the law of intestacy. It will not be denied, that the heir and personal representative might, with the widow's consent, without a formal dissent from the will, assign her dower, and allot to her her distributive share. In such a case, it would scarcely be contended, after the acceptance of all due her under the law of intestacy, that she could obtain from the probate court a decree for her legacy, on the ground that the jurisdiction over her election was alone in chancery; yet that is substantially the same question which we are called upon to decide in this case.

[4.] What we have heretofore stated shows that, under the decisions in this State, the ante-nuptial contract was no defense in the proceeding, and not admissible in evidence.

There is no difficulty in any of the other questions of the case, which can not be easily obviated, and we will not swell this opinion by considering them.

Reversed and remanded.