# Dean *v.* Hart, Adm'r.

*Settlement of Estate in Probate Court.*

1. *Dower ; what excludes wife from.*—At the common law, gifts or devises to the wife by the husband, did not operate to exclude her dower, unless such intent was expressed or the incompatibility of dower and the gift or devise was clear or manifest ; but our statutes have changed this common law principle, and the presumption now is, that a gift, bequest or devise to the wife is

[Dean v. Hart, Adm'r.]

intended to exclude her not only from dower, but the share of the personal estate to which she is entitled under the statutes of distributions, unless the contrary is expressed or clearly appears from the will.

2. *Dissent from will; effect of, under the statutes.*—Under our statutes, the effect of the widow's dissent from the provision made for her in the husband's will is to blot them out of the will, and leave them as if from death or any other cause she had become incapable of taking ; and whatever she renounces, of necessity results to the indemnity of those who are injured by her renunciation.

3. *Will; construed.*—Testator, by will. devised and bequeathed all his estate to his wife and infant daughter jointly, and on the death of either, · the survivor to take the whole, and on the death of both, remainder to the legal heirs of the daughter. The wife dissented from the will, and elected to take dower and share in his personal estate, as though testator had died intestate. *Held*—1. The daughter became entitled to the remainder of the estate for life, taking a life estate only, and her legal heirs take at her death by purchase and not by descent. 2. The probate court cannot order money in the hands of the testator's personal representative to be paid over to her and discharge him from liability ; a court of equity alone has jurisdiction to give the daughter the option of taking the money, upon proper refunding bond, or to loan it on interest, the interest being paid to her annually during life.

APPEAL from Sumter Probate Court.
The opinion states the facts.

THOMAS COBBS, and SMITH & CHAPMAN, for appellants.

COOKE & LITTLE, and THOMAS B. WETMORE, *contra.*

BRICKELL, C. J.—Nathaniel P. Dean, by his last will, devised and bequeathed all his estate to his wife and infant daughter jointly, and on the death of either, the survivor to take the whole, and on the death of both, remainder to the *legal heirs* of his daughter. The wife dissented from the will, and elected to take dower, and the share of the personal estate, to which she would have been entitled if the testator had died intestate. On the final settlement of the appellee, Hart, as administrator with the will annexed, of the testator, there was ascertained to be in his hands for distribution, ten thousand five hundred and one and eighty-nine one hundredths dollars. That the widow was entitled to one-fifth of this sum, was not controverted, and it was decreed to her by the court of probate. The appellant, Fannie N., claimed the remaining four-fifths, under the gift. by the will to her and her mother. The next of kin of the testator, insisted said Fannie N. was entitled to one-half only of the sum for distribution, and after deducting it and the widow's share, as to the remainder, the testator had died intestate, and it was distributable to them. The court of probate so decreed, and from that decree this appeal is taken.

The common law principle was that gifts or devises to a wife by a husband, did not exclude the wife from dower, un-

less the intent to exclude her was expressed, or the incompatibility of dower and the gift or devise was clear and manifest. Dower was regarded as a right conferred and favored by law, paramount to the will of the husband, beyond his power of disposition, and a gift or devise proceeding from the volition and bounty of the husband, was deemed rather as a cumulative provision for the wife than as a satisfaction of her clear legal right. The statutes of this State have reversed this rule of the common law, and the presumption under their operation is, that a gift or bequest or devise to the wife, is intended to exclude her, not only from dower, but from the share of the personal estate to which she is entitled under the statute of distributions, unless it is expressed, or clearly appears from the will, that the gift, or bequest, or devise, was intended as cumulative to dower, and the right of distribution.— *Green v. Green*, 7 Port. 19; *McLeod v. Mc-Donnell*, 6 Ala. 236; *Hilliard v. Benford*, 10 Ala. 977; *Vaughn v. Vaughn*, 30 Ala. 329; *Adams v. Adams*, 39 Ala. 274.

The statute, however, confers on the widow a right of election—the right to take of her own choice the gift, or bequest, or devise, made to her by the will of the husband, or dower, and her share of the personal estate, under the statute of distributions. It is simply required that in a particular mode, and within a prescribed period, the election shall be made manifest. Within twelve months after the probate of the will, she may deposit with the judge of probate her dissent, in writing, from the provisions of the will of the husband, and her right of dower, and to distribution, remains as if her husband had died intestate.—Code of 1876, §§ 2292–93.

The effect of her dissent, is simply to annul the provisions of the will in her favor—to blot them out, and leave them as if from death or any other cause, she had become incapable of taking. The statute does not contemplate that it shall in any other respect disappoint and nullify the arrangements of the will, destroy the rights it confers, or that it shall create new and distinct rights in those who are strangers to the will. The whole purpose of the statute is accomplished, when she obtains that which the law would have given her if her husband had died intestate. Whatever she renounces, of necessity results to the indemnity of those who are injured by her renunciation.—2 Lomax on Ex'rs, 349; *McReynolds v. Couts*, 9 Grattan, 242. In the present case, if the widow had died instead of dissenting from the will, the whole estate would have passed to the daughter. This is the express provision of the will. The widow renouncing the provision made for her by the will, and taking dower, and a

[Darden, Adm'r, v. Reese.]

distributive share of the personal estate, the daughter became entitled to the remainder of the estate for life.

The daughter takes a life estate only; her *legal heirs* take, at her death, by purchase, and not by descent. The court of probate cannot order the money paid to her, and discharge the administrator from liability. A court of equity alone has jurisdiction to give the daughter the option of taking the money upon the execution of a bond with sureties to repay it on her death, or to loan it on interest, the interest being paid to her annually during life.—*Mason v. Pate*, 34 Ala. 379.

The decree of the court is affirmed so far as it distributes to the widow a fifth of the moneys in the hands of the administrator. So far as it makes distribution of the remainder, it is reversed and the cause remanded. The appellees, other than the administrator, must pay the costs of this appeal in this court, and in the court of probate.