# Simmons *v.* Simmons.

*Statutory Action in nature of Ejectment.*

78  365|
98  482|

1. *Delivery of deed.*—Actual, manual delivery of a deed is not essential, but any words or acts, showing an intention that the instrument shall be considered as executed and operative, constitute a good delivery; and when the instrument is duly signed by the grantor, acknowledged before a proper officer, and found in the possession of the grantee, a presumption of delivery arises, which must be repelled by the party assailing it.

2. *Abstract charge.*—A charge which asserts a correct legal proposition, though abstract, and calculated to mislead the jury, will not, ordinarily, operate a reversal; yet the court should be careful to frame the charges with reference to the evidence, and should avoid giving an instruction which is not supported by any evidence.

3. *Ejectment; legal and equitable titles.*—In ejectment, or the statutory action in the nature of ejectment, the legal title must generally prevail; and when both parties claim from the same source of title, he who establishes that title. in himself must recover, without regard to equitable considerations.

4. *Same; election to claim under deed or will, as estoppel.*—Where the plaintiff claims under a deed, and the defendant under a will afterwards executed by the grantor, the plaintiff's title must prevail, unless it is shown to have been devested in some legal mode; and if he be estopped by his consent to the probate of the will, and his acceptance of the personal property bequeathed by it to him, the estoppel is. not available at law in defense of the action.

APPEAL from the Circuit Court of Marengo.

Tried before EUGENE McCAA, Esq., an attorney of the court, selected by the parties on account of the incompetency of the presiding judge.

This action was brought by William T. Simmons against L. Lavender Simmons, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 6th October, 1881. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea. On the first trial, both parties claimed title under the will of their deceased father, Lewis Simmons, and there was a judgment on verdict for the plaintiff; but the judgment was reversed by this court on appeal, and the cause was remanded, as shown by the report of the case.—73 Ala. 235. On the second trial, as the bill of exceptions now shows, the plaintiff claimed the land under a deed executed by the said Lewis Simmons and his wife, which was dated September 1st, 1869, recited the payment of $1,800 as its consideration, and con-

[Simmons v. Simmons.]

veyed the said land to plaintiff after the death of his mother; and having proved the due execution and acknowledgment of this deed by the grantors, by the justice of the peace who wrote it, and before whom it was acknowledged, he offered said deed in evidence. The defendant objected to the admission of said deed as evidence, "because, on the former trial of' this cause, plaintiff relied on the will of said Lewis Simmons;" which objection was overruled, and the deed admitted. The plaintiff also introduced a surveyor as a witness, who testified as to the location and boundaries of the land, but whose testimony is not material. The plaintiff having here rested, the defendant offered in evidence the will of said Lewis Simmons, under which he claimed the land, and which was dated "August, 1877." It was proved that said Lewis Simmons died "in the summer of 1877," but the record does not show the probate of the will. "The defendant then examined the plaintiff as a witness, who testified that he, as one of the children of said Lewis Simmons, was present when said will was probated, and did not object to its probate, but consented to the same, and accepted its provisions, and received some personal property given to him in the will on the division of the estate; but that he received no land until after the death of his mother, who died about two years since, nor did he ever take possession of the lands mentioned in said deed until after the probate of his father's will; that he took possession of the land as agent of his mother, and rented it out for her for the year, but the defendant drove away the tenant, and has had possession of the land ever since."

This being, in substance, all the evidence, the plaintiff asked the court to charge the jury that, if they believed the evidence, they must find for him; which charge the court refused to give, and the plaintiff excepted. The court gave the following charges to the jury: (1.) "If the plaintiff knew of the probate of the will, and consented thereto, and took possession of his legacy under the will (and not under the deed) after the probate, of property given him therein; he is now estopped to set up title under said deed to the land in controversy." (2.) "The said will gives the land in controversy to the defendant, notwithstanding the execution of said deed." (3.) "Unless and until said deed was delivered, the same could be revoked at any time by said Lewis Simmons; and if it was not delivered, and was in his possession at his death, this was evidence of such revocation." (4.) "If, on the former trial, the plaintiff relied on the said will for a recovery, he can not now recover on the said deed." To each of these charges the plaintiff excepted; and he now assigns them as error, together with the refusal of the charge asked by him.

Geo. G. Lyon, and W. H. Tayloe, for appellant.

J. W. Bush, *contra.*   (No briefs on file.)

CLOPTON, J.—When this case was before us on a former appeal—73 Ala. 235—the plaintiff based his right to recover on the devise of the land in. controversy in the will of Lewis Simmons.   We then held that the devise to the plaintiff, in .the absence of proof other than shown by the record, is too obscure, the error being patent on the face of the will, to impair the clear language of an earlier devise of the land in the same will to the defendant.   On the case as presented by the present record, the plaintiff claims title under a conveyance made by Lewis Simmons, several years prior to the making of the will, and the defendant sets up the devise of the land to him, as a defense.

Delivery by hand is not essential to a sufficient delivery of a deed.   Any words or acts, showing an intention that the deed shall be considered as executed and operative, constitute a good delivery.   When a deed is duly signed by the grantor, its execution acknowledged before a proper officer, and it is afterwards found in the possession of the grantee, delivery is presumed; and the party assailing the deed must rebut the presumption, by showing that possession was improperly or illegally obtained, or by otherwise showing a non-delivery.   The burden of proof is on the assailing party.—*McClure v. Colclough,* 17 Ala. 89; *Firemen's Ins. Co. v. McMillan,* 29 Ala. 147; *Alexander v. Alexander,* 71 Ala. 295.

The deed to the plaintiff was signed by the grantors, and its execution duly acknowledged, and certified by the officer; and it is in the possession of the grantee.   Although there is no direct evidence of delivery, this is sufficient proof thereof, in the absence of proof tending to impair the force of these facts. The record discloses no evidence rebutting the presumption of delivery, arising on these facts, on which to base the charge in respect to its non-delivery and revocation.   While a charge asserting a correct legal proposition, though abstract and calculated to mislead, will not, ordinarily, operate a reversal; the court should be careful to frame charges in reference to the testimony, and avoid giving an instruction, without any evidence on which to found it.   The tendency of such instruction is to work injury and injustice, and to divert the minds of the jury from the true issues, to the consideration of matters not really involved.

The legal title will generally prevail, in an action of ejectment, or in the corresponding statutory real action.   Both parties claim title as derived from the same source.   The convey-

[Simmons v. Simmons.]

ance to the land in controversy was made in 1869. When signed and delivered by the testator, Lewis Simmons, it passed the legal title out of him, and vested it in the plaintiff on the death of his mother. At the time the will was made, in August, 1877, no title to the land remained in the testator, and he had no capacity to devise it to the defendant. Both parties claiming under Lewis Simmons, the plaintiff is entitled to recover, if he has not been divested of the legal title by some legal operative mode.

It is insisted that the plaintiff is estopped from asserting his legal title, by reason of having been present at the probate of the will, having consented thereto, and having accepted its provisions by receiving in a division his share of the personal property bequeathed by the will; in other words, that he is estopped by having elected to take under the will. The rule of election is, ordinarily, a rule of equity; but has been applied and recognized by courts of law, so as to become, in many cases, a rule of law also. As to the cases in which the rule should be applied at law, the courts have greatly differed in opinion; and we do not propose to enter on a discussion of the subject. As a general proposition, no court will enforce rights recognized as repugnant; but, as has been said, " courts which differ in the rights which they recognize, differ in the recognition of repugnancy." The usual instances in which the rule is recognized at law, are of inconsistent titles to the same subject, or to different subjects, " the assertion of one title being incomplete without a negation of the other.—*Note to Gretton v. Haward,* 1 Swans. 408. On this principle it was held, in *Adams v. Adams,* 39 Ala. 274, that the election by the widow to take the provisions made for her by the will, which are repugnant to her right to dower, and retaining the property, is available at law as a defense to her claim for dower. Where the inconsistent titles are to property, the title to which can not be transferred by acts *in pais,* and the completion of the assertion of one title does not depend on a negation of the other, election is the subject, exclusively, of the jurisdiction of courts of equity.

In *Adams v. Adams, supra,* it is said ; "Whether an election between repugnant rights is cognizable in a court of law, has been a question of extensive legal discussion. There are certain classes of cases, growing out of the doctrine of election, which must, of necessity, be exclusively of equitable jurisdiction. Where an election is to be compelled, or where an election already made effects a transfer of real estate, the remedy must be in chancery. At law, there is no appropriate remedy in the former class of cases ; and in the latter, equity proceeds upon principles peculiar to itself."

[Trabue, Davis & Co. v. Shotts.]

The alleged inconsistent titles relate to different subjects—real and personal property. The complete assertion of the legal title under the deed, having originated prior to, and not under the will, does not depend on the negation of the plaintiff's title to the personal property bequeathed by the will. The election, claimed to have been made, effects the transfer of real estate, and is an act *in pais*, which can not operate to pass the legal title. Conceding that the plaintiff has made an election, with knowledge of his rights, and with an intention to elect—an election beyond his power to withdraw—the remedy of the defendant is in equity.

It is too well settled by our decisions to be controverted or disregarded, that a plaintiff, having the superior *legal* title, must recover in an action of ejectment, whatever may be the equities of the defendant, and that no estoppel *in pais* is available as a defense. In such case, the defendant must seek relief in equity, where the estoppel can be made to operate directly on the title, a conveyance decreed, and the legal and equitable titles united.—*Kelly v. Hendricks*, 57 Ala. 193; *Allen v. Kellam*, 69 Ala. 442; *Tutwiler v. Munford*, 73 Ala. 308; *Collins v. Robinson*, 33 Ala. 91; *Hooper v. C. & W. Railway Co.*, at present term, *ante* p. 113.

On the case made by the record, there is error in the charges given, and in the refusal to give the affirmative charge in favor of the plaintiff.

Reversed and remanded.