Bridget Tehan, Respondent, v. William H. Tehan, as Executor, etc., of James Deering, Deceased, and Others, Defendants; James Deering, Jr., and Another, Appellants.

*Sale of a testator's real property for the payment of his debts — refusal of a widow to accept a provision in lieu of dower — a specific devisee compelled to pay for a release of dower, entitled to reimbursement from the residuary estate.*

It is the duty of an executor to devote the personal property of his testator to the payment of his debts, and if the personal property be insufficient for that purpose to procure an order for the sale of so much of the testator's real estate as is necessary to pay the balance thereof.

In ordering a sale of a testator's real estate for the payment of his debts it is the duty of the court to first order that real estate sold which has not been specifically devised, and if that be sufficient, to save from the sale the real estate specifically devised in order to carry out the intentions of the testator.

The refusal of a widow to accept the provisions made for her in the will of her husband in lieu of dower does not change the rights of the parties interested in the estate in reference to the testator's debts.

If the widow of a testator refuses to accept the provisions contained in his will in her favor, in lieu of dower, and brings an action for the admeasurement thereof, recovering a certain sum from a specific devisee of certain real estate of the testator, such specific devisee is entitled to have the amount so paid to her by him refunded from the residuary portion of the testator's estate, where the provisions renounced by the widow exceed the amount which the specific devisee was compelled to pay the widow to secure the release of her dower right in the premises specifically devised to such legatee.

APPEAL by the defendants, James Deering, Jr., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cayuga on the 21st day of May, 1894, upon the decision of the court rendered after a trial at the Cayuga Special Term adjudging, among other things, that the plaintiff is entitled to be paid from the assets in the hands of the executor of the estate of James Deering, deceased, a certain sum of money to be paid out of such assets prior to the payment of the legacies given to the defendants under the last will of the decedent.

*J. Rosecrans*, for the appellants.

*Hurlbut & Kerr*, for the respondent.

HAIGHT, J. :

This action was brought to recover the amount the plaintiff was compelled to pay in order to discharge the real estate specifically devised to her under the will of her father from the dower of his widow.

There is no material conflict as to the facts, and they are substantially as follows : James Deering died at the city of Auburn, February 2, 1892, possessed of certain real and personal estate, and leaving a last will and testament and codicil thereto, which have been duly admitted to probate. By the provisions of the will the testator made several bequests of money to the defendants, together with provisions for his wife, which he declared to be in lieu of dower, and specifically devised to the plaintiff a parcel of real estate in the city of Auburn, and then devised the residue and remainder of his estate to his sons, the defendants Richard, James and Patrick Deering. By the eighth clause of his will his executor was authorized and directed at any time within two years after his death to sell all the real property of which he died seized, except that specifically devised to the plaintiff, and out of the proceeds of such sales, the rents and profits of said real property and the proceeds of his personal property, to pay the bequests and legacies provided for. After the death of the testator his widow refused to accept the provisions made for her in the will in lieu of dower, and commenced an action in the Supreme Court to have her dower admeasured, and obtained an interlocutory

decree to that effect, under which the plaintiff was compelled to pay a gross sum amounting to $884.66, together with one-third of the rents which had accrued since the death of the testator, amounting to $237.48, and costs in the action amounting to $154.27, amounting in the aggregate to $1,276.41.

It further appears that when the widow elected to take her dower or statutory interest in the estate she relinquished the legacies and bequests to which she was entitled under the terms of the will, amounting to $1,600 and upwards, which inured to the benefit of the estate, and that the executor has in his hands, after paying all the debts of the estate, the sum of $1,450. By the judgment the executor was required to render an account, deduct his legal commissions and expenses, and out of the balance remaining pay the plaintiff's claim.

It appears that the personal property left by the testator was not sufficient to pay his debts and that some portion of his real property had to be devoted to that purpose. It is now contended that the plaintiff should pay her proportionate share of such indebtedness, but such does not appear to have been the intent of the testator. The premises in Auburn were specifically devised to the plaintiff and the residuary estate was devised and bequeathed to the testator's three sons. The widow, having refused to accept the provisions made for her in the will, released to the estate and for the benefit of the residuary devisees and legatees the provisions made for her in the will. It was the duty of the executor to devote the personal property to the payment of the debts, and, if insufficient, procure an order for a sale of so much of the real estate as would be necessary to pay the balance. In ordering a sale of the real estate for the payment of the debts, it would be the duty of the court to first order that sold which had not been specifically devised, and if sufficient, save that specifically devised to carry out the intentions of the testator. We do not understand that the refusal of the widow to accept the provisions made for her in the will changes the rights of the parties in reference to the debts. The testator evidently contemplated the payment of his debts and cast that burden upon his residuary estate.

We are thus brought to a consideration of the question as to whether the plaintiff is entitled to be reimbursed out of the residue of

the estate.   As we have shown, the amount surrendered by the widow more than equals that which the plaintiff was compelled to pay, and we think, upon principles of equity, she is entitled to be reimbursed. The authorities in this State are somewhat meager, but the question appears to have been carefully considered by LAWRENCE, J., in *Sarles* v. *Sarles* (19 Abb. N. C. 322) and by the author in his note thereunder.   In Pennsylvania the question has received more attention.

In *Gallagher's Appeal* (87 Penn. St. 200) the testator devised certain lands to his sister, and after making provisions for his widow left the remainder of his estate to nephews and nieces.   The widow refused to take under the will, and it was held that the sister was entitled to have the assets marshalled and a sufficient amount set apart to relieve the land devised to her from the burden of the widow's dower.

In *Sandoe's Appeal* (65 Penn. St. 314) the widow refused to take under the will.   It was held that a court of equity would sequester the devises and bequests intended for her to secure compensation to those whom her election disappointed.   (See, also, *McCallister* v. *Brand*, 11 B. Mon. [Ky.] 370 ; *Firth* v. *Denny*, 2 Allen [Mass.], 468 ; *McReynolds* v. *Counts*, 9 Gratt. [Va.] 242 ; *Dean* v. *Hart*, 62 Ala. 308 ; *Worth* v. *Atkins*, 4 Jones Eq. [N. C.] 272 ; Story's Eq. Juris. [13th ed.] 415, 465 ; Pom. Eq. Juris. § 1083, and 2 Jarman on Wills, 683.)

The judgment appealed from should be affirmed, with costs.

LEWIS and BRADLEY, JJ., concurred ; DWIGHT, P. J., taking no part.

Judgment appealed from affirmed, with costs.