By the election of a wife to take dower, rather.than under the provision of a will, the interest of one of the devisees, which was liable to be defeated by his death during the lifetime of the widow, became a defeasible vested estate, and certain other parties acquired by such act absolute, indefeasible estates. By the election it was necessary for others to appropriate a part of the proceeds of the sale of real estate given to them to satisfy the dower interest. *Held*, that those benefited thereby should contribute in proportion to the benefit received to make up the losses of the others.

Proceedings on the judicial settlement of the accounts of Mary H. Lawrence, executrix, and Jeremiah J. Lawrence, executor, of Bryan Lawrence, deceased.   Decree rendered.

William C. Orr, for executors.

Harris & Towne, for Mary C. Sniffin.

James E. Kelly, for Joseph T. Lawrence.

Kernan Bros. & Quin, for Mary E. Lawrence.

Coudert Bros., for Asylum St. Vincent de Paul.

Joseph F. Daly, for Roman Catholic Orphan Asylum.

Edward J. McGuire, for New York Catholic Protectory.

E. B. & W. J. Amend, for Sisters of Poor of St. Francis.

Charles E. Miller, for Foundling Asylum, St. Vincent's Hospital, and St. Joseph's Home.

Henry B. Wesselman and Patrick H. Loftus, special guardians, for infant remainder-men.

FITZGERALD, S.  Under the will of decedent, as I construe it, the interest which testator's grandson Joseph W. Lawrence took in the Fifty-Seventh street property was liable to be defeated by his death during the lifetime of the widow, and his issue and his sisters and their issue were entitled to a contingent interest therein. The widow having refused to accept the life estate devised to her in the said property, and elected to take her dower, Joseph W. Lawrence became entitled to a defeasible, vested estate or interest in possession in the property.  Joseph W. and Frances Lawrence and Mary Cecelia Sniffin, the children of testator's son Joseph B., the devisees of the Seventy-Second street property, in which the widow was given a life estate, became entitled, upon her exercising her election to take dower, to an absolute, indefeasible estate in possession in that property, subject, however, to let in to share therein any other issue of Joseph B. that may be in existence at the time of the death of the widow.  The election by the widow having necessitated the appropriation of part of the proceeds of the sale of the real estate given to others to satisfy her dower, it is claimed that these parties should be compensated out of the property of those who have benefited as a result of such election.  I think the claim is well founded.  Those who have so benefited should contribute in proportion to the benefit received to make up the losses of the others.  Sarles v. Sarles, 19 Abb. N. C. 322, citing Yeaton v. Roberts, 8 Fost. 459; Timberlake v. Parish's Ex'r, 5 Dana, 345; also, Tehan v. Tehan, 83 Hun, 368, 370, 31 N. Y. Supp. 961.  Joseph W. and Frances Lawrence, and Mary Cecelia Sniffin, and the other possible issue of Joseph B., to whom the Seventy-Second and Fifty-Seventh street properties were given, are the only persons who have benefited by the change effected in the dispositions of the will by the election of the widow to take her dower. They should therefore contribute in proportion to the benefits received by them to supply the loss which would otherwise be sustained by the residuary legatees; and Joseph W., in addition, should contribute to the making up of the principal of the fund to which he may be eventually entitled, and in which his issue, his sisters, and their issue have a contingent interest.  The decree will provide for the payment of taxes and also a sum sufficient to meet the probable cost of the action against the executors, and the $10,000 bequest to Frances Lawrence in the fourth clause of the will.

Decreed accordingly.