PAUL TAVEL, as Executor and Trustee of the Estate of
Camille Guerin, deceased, v. ADELE G. GUERIN.

162 So. 665.
Opinion Filed July 1, 1935.

*Dickinson & Dickinson* and *Maguire & Voorhis,* for
Appellant;

*William N. Ellis,* for Appellee.

PER CURIAM.—This cause was submitted on a motion by
appellant praying that permission of the Supreme Court
be granted to file a tendered amendment to an answer, or
that leave be granted to apply to the Court below for per-
mission to file said amendment, and that if necessary, that
a rehearing be granted as to this court's opinion and judg-
ment of April 4, 1935, for the purpose of modifying the
opinion and remanding the couse to the court below, with
appropriate directions to save the right of appellant to file
further pleadings without being prejudiced by any unin-
tended implication to the contrary that might be argued
against the same in the court below.

On April 16, 1935, this court entered in this cause the
following order which appellant has objected to, and filed
motion to have vacated as unauthorized:

"This cause coming on to be heard upon the petition of
the appellant above named for leave to file in the Circuit
Court certain amendments to the answer filed in said Cir-

cuit Court in this cause or that leave be granted appellant to apply to the Circuit Court for permission to file said amendment and same having been fully considered, it is ordered by the Court that permission be and it is hereby granted to the aforesaid Appellant to apply to the Circuit Court for Orange County, Florida, for an order allowing an amendment to the answer heretofore filed in this cause or to file amended answer."

The order aforesaid is not to be construed by the court below, or by the parties, as amounting to any decision by this Court of either the propriety or sufficiency of appellant's proposed further pleading in the Circuit Court, but is simply an order of classification entered by this court for the purpose of preserving, unimpaired, the right of appellant to seek an appropriate order in the court below, without any summary preclusion thereof on account of the decision already rendered in this case, which decision was on a point of law that is in nowise restrictive of appellant's right to tender, and to have ruled on in the court below on its merits, any further pleading that appellant may want to have presented and considered so far as the same may be done conformably to what has been decided on this appeal.

Order of April 16, 1935, modified to accord to views herein expressed and cause remanded for further appropriate proceedings.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, J., not participating.