FLORIDA NATIONAL BANK OF JACKSONVILLE, as Executor of the Estate of Adele C. Guerin, Deceased, v. PAUL TAVEL, as Executor and Trustee of the Estate of Camille Guerin, deceased.

171 So. 231.

Opinion Filed December 5, 1936.

Rehearing Denied December 10, 1936.

*William N. Ellis* and *George P. Garrett,* for Appellant; *Dickinson & Dickinson* and *Maguire & Voorhis,* for Appellee.

WHITFIELD, C. J.—This suit was brought by the widow to require the executor of her deceased husband's will to set apart to her a child's part of the testator's estate in lieu of dower under the statute, she having dissented from her husband's will under, and within the time allowed by, the statute.

The defense asserted was that the wife had procured the testator to make the will, was familiar with its terms and voluntarily assented to the will by an agreement in writing signed by her at the bottom of the will when it was executed, and that she had, by receiving stated benefits under the will, elected to take under the will and cannot now dissent from the will and take a child's part under the statute.

On appeal an order striking parts of the amended answer containing some of the defenses stated above, was affirmed, the court holding that:

"Married woman cannot make valid contract with husband."

"Married woman who signed husband's will consenting to its terms *held* not estopped, after husband's death, from dissenting from will and demanding a child's share in estate in lieu of legacy provided in will (Comp. Gen. Laws 1927, Scs. 5493-5496)."

"Widow, who within one year from date of probate of will tendered back to executor and deposited with court money · received under husband's will, could dissent from will and elect to take a child's part of husband's estate, notwithstanding she had consented in writing to terms of the will when it was executed. (Comp. Gen. Laws 1927, Secs. 5492-5496)." Tavel v. Guerin, 119 Fla. 624, 160 So. 665, H. N. 2, 3, 5.

Upon remanding the cause to the Circuit Court, this court permitted application to be made to the Circuit Court for leave to file an amendment to the amended answer of the defendant Tavel. Tavel v. Guerin, 120 Fla. 354, 162 So. 665. Such leave to file was granted by the Circuit Court. The plaintiff widow having died pending the litigation, the executor of such deceased plaintiff, viz.: The Florida National Bank of Jacksonville, Florida, was made party plaintiff.

The amendment to the amended answer filed by the defendant, Tavel, contains some averments set out in the adjudicated amended answer and also averments in effect that the widow effectually elected not to dissent from the will prior to making or filing her dissent; that said election not to dissent from the will was the full, deliberate and intelligent choice of the widow; that various specific personal and real property given to her by her husband's will and certain amounts directed by said will to be paid to the

widow monthly were received and retained by her prior to making any purported dissent from said will, with her full knowledge of her rights and the status of the estate; that prior to the execution of her husband's will, an attorney at law, fully explained to the then wife of the testator, the rights that she would have in the estate of her husband should he die leaving a last will and testament, and specifically pointed out to her that she would have the right under the laws of the State of Florida to elect to take under the will or to dissent from the will and take dower or a child's part in the husband's estate; that being fully advised, she procured the execution of the will and signed the statement appended to the will referred to in the previous opinion herein, Tavel v. Guerin, 119 Fla. 624, 160 So. 665; that said will was left with the attorney and after the death of the testator the widow went with the executor of the will to the office of the attorney and the will was opened in the presence of the widow who again read over the will before it was admitted to probate and again expressed her approval thereof; that the will created a trust estate and directed the trustee to pay therefrom to the widow $350.00 per month during her lifetime, and the will devised and bequeathed to the widow stated real and personal property which was accepted by her, she then expressing approval and satisfaction; that the widow accepted and retained several monthly payments of $350.00 under the will; that after the institution of this suit the widow paid to the clerk of the court a stated amount of money, but it is not all that she has received under the will; "that on August 1st, 1935, the said Adele C. Guerin wrote and mailed to one of the residuary beneficiaries under said last will and testament a letter in French, a free translation of which is hereto attached as Exhibit 1, and hereby made a part hereof by reference

thereto. That among other things said letter, when translated, contained the following: " 'I told you your interests are in good hands by the administrator (referring to this defendant) which your uncle (referring to the said Camille Guerin) named in his will, which I directed myself the document that is to say advising him for the best and I am going to admit to you frankly that I myself am the least favored of all,' "; that stated personal property and rents received by the widow under or pursuant to the will have not been returned to the estate or paid into the registry of the court; that the widow bequeathed to another person a diamond ring she received under her husband's will; that in the will of the widow now deceased she stated that her late husband in his will provided that the trustee of his estate should pay the funeral expenses of his wife, and that the widow never in any way prior to October, 1933, when she dissented from the will, repudiated or renounced the provision for the payment of her funeral expenses, but on the contrary approved, ratified and accepted the same by reference thereto in her will, as shown herein; that defendant is informed and believes and alleges upon information and belief, that the said Adele C. Guerin in June, 1933, executed her last will wherein she expressly provided:

" 'I direct that all of my just debts and expenses shall be paid as soon as possible after my death without inconvenience to my estate and the executor thereof. My late husband by his last will and testament having therein provided for the payment of my funeral expenses,' and specifically bequeathing" a "solitaire diamond ring received by the said Adele C. Guerin under the terms and conditions of the said last will and testament of the said Camille Guerin and included in the inventory of and belonging to the said estate of Camille Guerin as aforesaid. That the terms and pro-

visions of the said will of Adele C. Guerin executed in June, 1933, are practically identical with the provisions of the said will of Adele C. Guerin executed on April 16, 1934, with the sole exception that a different executor is named therein. That the said Adele C. Guerin did, by the execution of her said last will and testament in June, 1933, unequivocally and clearly evince her intention to elect and take under the will of her said husband, Camille Guerin; and that the said Adele C. Guerin did not on October 9, 1933, or at any other time, revoke or modify the aforesaid provisions of her last will and testament of June, 1933, but on the contrary thereafter republished and declared the same by the execution of her will dated April 16, 1934. That the said Adele C. Guerin thereby retained until the time of her death, and irrevocably disposed of the same by said last will, that which she received by virtue of her election to take under the said last will and testament of the said Camille Guerin, deceased;

"* * * that the said Adele C. Guerin, prior to making any purported dissent from the said will and thereafter up until the time of her death did accept and continue to accept and receive benefits under the terms of the said last will and testament of Camille Guerin, and by her act, in accepting and receiving benefits under said last will and testament, all of which was done advisedly by the said Adele C. Guerin, and freely, deliberately and voluntarily, the said Adele C. Guerin is not now entitled, and was not at the time of. filing her alleged dissent from the will, entitled to dissent from the said last will and testament of the said Camille Guerin, but on the contrary, the said Adele C. Guerin, prior to making any such purported dissent, did accept, and did elect to accept, the terms and conditions of said last will and testament of the said Camille Guerin, and

that the said Adele C. Guerin at, prior and subsequent to October 9th, 1933, retained that which she had received under the terms of the said last will and testament of the said Camille Guerin, deceased, by virtue of her election to take under said will as aforesaid."

The bill of complaint states that "the complainant offers to do equity in the premises, and the record shows that during the litigation the widow through her counsel paid into the registry of the court sums which appear to be an accounting by the widow for amounts received by her under her husband's will. The court states on the record that the diamond ring was brought into court to be properly disposed of.

Testimony was taken and the court decreed:

"1. That the equities of this cause are with the defendant.

"2. That the Bill of Complaint be and the same is hereby dismissed.

"3. That the memorandum opinion of the court be filed in and made a part of the record of the case."

The memorandum opinion of the trial court referred to in the decree contains the following:

"Even if it were held that sufficient restoration had been made by her offer to do equity, still I do not believe she can rescind her election which I consider was made advisedly."

This Court has made the following rulings:

"What is the doctrine of election? *It is not a rule of positive law, but a rule of practice in equity.* The doctrine originates thus: Election involves choice—choice involves knowledge, a knowledge both of the facts and of the law applicable to the subject matter in reference to which the choice is to be made. In the absence of either branch of

this knowledge, as to both or either of the two subjects, it cannot as a matter of fact be said that a choice has been made between the two subjects, because the mind has not really acted with reference to the two subjects as to which it should elect, but as to two other subjects which the party believes exist as the subjects in reference to which his election is to be made. A court of equity in such cases will permit the party who has thus acted in ignorance either of rights or facts, and who has thus failed to exercise his right of election, to exercise it when that knowledge is acquired, and will relieve him from an antecedent choice made.

"There are cases where the widow, having accepted the provisions of the will, is relieved upon the ground that the property is subject to debts then existing of which she had no knowledge at the time of her choice. Such are some of the cases cited, but they differ materially from this case.

"While the rule stated is the general rule of practice, yet other circumstances, besides a knowledge of rights and an accurate knowledge of the comparative values of the two things which are the subjects of election, may be sufficient to bind a person. 1 Ball & Beat. 24. These circumstances arise out of the original intention, acquiescence in the acts of others, the effect of acts of the party having the right of election on the interests of third persons, and the lapse of time. They are so infinitely varied and modified in different cases that no rule applicable to all can be laid down; each must be determined on its particular grounds. 1 McClel., 541." Stephens v. Gibbes, 14 Fla. 331.

"The statute gives the widow twelve months within which to ascertain the facts which will enable her to make a rational decision between the will and her statutory rights of dower or child's part, and unless during that time she does some act or acts which clearly indicates her purpose

to abide by the will, and which would make it impracticable for her to repudiate her election to take under the will without prejudice to the rights of others, we do not think she should be deprived of her right of election to take dower or a child's part before the expiration of that time." Benedict v. Wilmarth, 46 Fla. 535, 35 So. 84.

The written consent of the married woman appended to her husband's will, stating that the wife, "Being fully advised as to my rights concerning the property of my said husband in case he dies before I do and the above will goes into effect, and as to my rights under the laws of descent and distribution of the State of Florida, do hereby consent," etc., refers to her being advised as to her "rights concerning the property" and to her "rights under the laws of descent and distribution," and does not expressly or by necessary implication refer to or assert any advice or as to her knowledge of the law or what conduct on her part may constitute an election to take under the will that would deprive her of her statutory rights to dissent from her husband's will and to take dower or a child's part of her husband's estate under the statute. Therefore the written consent does not show that the then wife was "fully advised" "of the law applicable to the subject matter" in reference to which the choice is to be made.

The attorney testified that he advised Mrs. Guerin that the signing by her of the statement appended to her husband's will would not bind her or in any way affect her legal right to dissent to the will, if she wanted to. Later he stated that, in view of the fact that the wife persuaded the husband to make the will bequeathing legacies to others, and other conduct of the wife, "she was bound by virtue of her actions in the matter"; and testified: "I was looking at it solely at the time I discussed the matter with her from

the standpoint of estoppel." Therefore it is clear that Mrs. Guerin was not fully advised as to what might be the effect · of her conduct in taking benefits under the will before she had, upon full advice as to all of her legal rights in the premises and ample time for consideration, deliberately and specifically made her election as provided by the statute.

The widow as such was entitled to the consideration accorded to her by law with reference to her rights in her deceased husband's property from the date of his death, either under her husband's will or under the statutes to elect to accept or dissent from the will within a year after the probate of the husband's will. In this case the benefits accorded to her by her husband's will were much less than a child's part in the estate; and as she was not fully advised as to what she could accept from the estate without jeopardizing her rights to dissent and elect under the statute, her efforts to return to the estate or to pay into the registry of the court what she had received from the estate, to support her formal dissent from the will and election to take a child's part, clearly relieve her from the imputation that her conduct in accepting what she did, estops her from making the dissent and election within less than half the time allowed her by the statute, there being no legal relinquishment or transfer of her rights, and no rights of third persons being illegally or inequitably impaired by her dissent or election. She was entitled to what she had received under the will, to begin at the death of the husband, even if she were not entitled *under the statute* to dissent from the will and elect to take a larger part as a child's part within a year from the probate of the will; therefore the strict rules of law applicable to election between *contract* rights are not applicable.

In view of the statutory rights above mentioned; accorded

to a widow with reference to her deceased husband's estate, it cannot fairly be said that on the whole record in this case, the widow by her acts and conduct had definitely and conclusively elected to take under her husband's will so as to preclude the exercise of her statutory right to dissent from such will and take a child's part in her deceased husband's estate.

Reversed for appropriate proceedings awarding a child's part to the widow.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, P. J., not participating.