WIGGINTON, Acting Chief Judge.
Appellant, Louise A. Wheby, has appealed a final order entered by the County Judge’s Court of Duval County, in probate, denying the prayer of her petition that there be no assignment or admeasurement of dower for Evelyn E. Anders, widow of Ernest Elbert Anders, deceased, and that said widow be required to take under the will of the deceased.
The principal thrust of the appeal challenges the correctness of the county judge’s ruling which found that appellee widow’s election to take dower in lieu of the benefits provided by the will was timely filed in accordance with the requirements of the statute. Secondarily, appellant contends that even' if appellee’s election to take dower was timely filed, she is estopped from doing so because she accepted some of the benefits of the will and delayed in making her election under circumstances which prejudiced appellant’s position as the beneficiary of a trust established by the will.
In determining whether the widow’s election to take dower was timely made, it is necessary that particular attention be given to the dates on which the various steps in the probate proceedings occurred.
From the record it appears without dispute that the testator died on May 7, 1962. His will, which was admitted to probate on May 17, 1962, bequeathed to his widow, the appellee Evelyn E. Anders, certain personal property. The remainder of his estate was divided into two equal parts, one of which was established as a marital trust for ap-pellee widow, and the other a trust with provision that the income therefrom be paid to his two daughters, one of whom is the appellant Louise A. Wheby, and upon their death the corpus of the trust be distributed to the testator’s grandchildren.
On May 22, 1962, appellee Florida National Bank of Jacksonville was appointed executor of the will, and on that date the first notice to creditors was published. Approximately six months thereafter, on No *839 vember 23, 1962, appellee widow filed in her individual capacity a claim against the estate to which objection was filed by the executor on January 18, 1963. Thereafter, and within the time permitted by the applicable statute, appellee widow filed in the Circuit Court of Duval County a civil action against the executor of the estate seeking recovery for the amount of her claim. This case was involved in procedural maneuvering by the parties until trial thereof was finally had on March 4, 1965, resulting in the rendition of a final judgment in favor of appellee widow on April 21, 1965. Within sixty days from date of final judg■ment, to wit: on June 18, 1965, appellee widow filed in the estate her written election to take dower in lieu of the provision made for her in the testator’s will.
On July 15, 1965, appellant commenced this proceeding by filing her petition praying that no allotment or admeasurement be made to the widow in accordance with her election. Upon issue joined by the answers of appellees, the case was tried to the court and resulted in the final order of May 9, 1966, denying the prayer of the petition. It is that order from which this appeal is taken.
The controlling statute prescribing the time within which a widow is required to make her election to take dower is found in F.S. Section 231.35, F.S.A., as it existed on May 7, 1962, the date of the testator’s death, as follows :

"Election to take dower

(1) In order to take dower, a widow must so elect by an instrument in writing, signed by her and acknowledged or sworn to by her before any officer authorized to take acknowledgments or to administer oaths, and filed, within nine months after the first publication of the notice to creditors, in the office of the county judge in whose court the estate of the deceased husband is being administered. The county judge shall record all elections to take dower.
“(2) Should the county judge extend the time in which creditors may file their claims, or should litigation occur involving the admission of the will to probate, or its validity or the construction thereof, or should any claim filed be contested, a widow shall have sixty days from the date to which such extension for filing claims is extended or from the date of a final judgment determining any litigation or contested claim or from the time allowed to the personal representative for filing his objection to any claim, in which to elect to take dower.
“(3) (Not pertinent.)”
Obviously, subparagraph (1) of the above-quoted statute is not applicable to the facts in this case since appellee widow did not file her election to take dower within nine months from the date of the first publication of notice to creditors. If her election was timely filed, it would have to be so considered by virtue of the provisions of subparagraph (2) above quoted. Summarized, this subparagraph provides that: “Should * * * any claim filed be contested, a widow shall have sixty days * * from the date of a final judgment determining any * * * contested claim * * in which to elect to take dower.”
From the undisputed statement of facts set forth above, it appears that within the nine months allowed the widow to make her election to take dower she filed a claim against the estate in her individual capacity. This claim was objected to by the executor and suit to determine its validity was timely filed in the Circuit Court of Duval County. This action culminated in a final judgment in favor of the widow who, within sixty days from the date, of the judgment, filed in the estate her written election to take dower. The county judge found upon these facts that the widow’s election to take dower was timely filed within the spirit, letter and intent of the statute. With this conclusion we agree.
It appears to be appellant’s position that the claim filed by the widow *840 against the estate of the testator was not a contested claim within the meaning of the statute because the executor cooperated with the widow in the course of her litigation, and made concessions calculated to favor her position, thereby removing it from the class of contested claims to which the statute is applicable. We not only fail to find any competent evidence in the record to support appellant’s position on this point, but she has failed to favor us with reference to any decision of a court of this or any other jurisdiction which might be said to support her interpretation of the statute as a matter of law. We find nothing in the statute which either directly or by inference can be said to exclude from its operation a claim filed by a widow or any other beneficiary named in a will. We therefore conclude that the filing of a claim in the estate, whether by the widow of a testator, a beneficiary named in the will, or any other person asserting a claim against the estate, will have the effect of tolling the nine months’ period within which the widow is required to make her election to take dower. The case of In re Estate of Rogers, Deceased,[1] cited by appellant in support of her position can be of little comfort to her since the rule of law pronounced therein is based upon an interpretation of the statute relating to dower as it existed prior to the time of its amendment in 1959. It is the statute as amended in 1959 which controls the case sub judice, and no attempt was made in Rogers to construe the statute in its present form.
 During the interval between the date on which the testator’s will was admitted to probate and the time when ap-pellee widow elected to take dower, there was distributed to her by the executor the personal property bequeathed to her in the decedent’s will. Appellant suggests that by having' taken under the will the personal property bequeathed to her, appellee widow is now estopped from taking against the will under her election for dower. Appellant’s position in this regard is not supported by the decisions of this state. It is a settled principle of law that a widow does not waive her right to elect against the will by having accepted a partial distribution of the estate pursuant to the provisions of the will provided her election to take dower is timely filed, the property distributed to her is taken into account in setting aside her dower, and her failure to sooner elect was not under circumstances which could be said to have prejudiced the other bene-, ficiaries of the will.[2]
Lastly, appellant urges that ap-pellee widow should be held estopped to make an election against the will and to take dower because of the long delay incurred in finally concluding the action brought by her on her claim against the executor of the estate, and because of certain actions by the executor which appeared to favor the widow’s position and assist her in securing a favorable judgment on her claim.' We find nothing in the record to support the inferences and innuendoes of appellant’s argument that appellee widow acted in bad faith or committed a fraud against the estate, nor do we find any action taken by her in the processing of her claim to judgment which could be said to form a rational basis for appellant changing her position to her detriment. In Aetna Casualty and Surety Company v. Simpson [3] this court defined the essentials of equitable estoppel as follows; “(1) words and admissions, or conduct, acts and acquiescence, or all combined causing another person to believe in the existence of a certain state of things; (2) in which the person so speaking, admitting, acting and acquiescing did so wilfully, culpably or negligent *841 ly, and (3) by which such other person is or may be induced to act so as to change his own previous position injuriously. The parties sought to be estopped must be guilty of conduct which amounts to a false representation or concealment of material facts at a time when he has knowledge, actual or constructive, of the real facts. * * * ” Appellant has failed to prove by competent evidence the facts necessary to invoke against appellee widow the doctrine of equitable estoppel.
Upon careful consideration of the record before us, we conclude that the order appealed is free from error and it is accordingly affirmed.
Affirmed.
JOHNSON and SPECTOR, JJ., concur.

. In Re Rogers’ Estate (Fla.App.1965), 171 So.2d 428.

. In Re Coffey’s Estate (Fla.App.1965), 171 So.2d 568; Murphy v. Murphy, 125 Fla. 855, 170 So. 856.

. Aetna Casualty and Surety Company v. Simpson (Fla.App.1961), 128 So.2d 420, 425.