THOMPSON, Judge.
Defendant entered a plea of guilty to failure to appear, contrary to § 843.15, Fla. Stat. (1981). During the sentencing hearing the trial court heard testimony which was obtained from an intercepted wire communication. Over defense counsel’s objection, the trial court refused to require disclosure under § 934.09(8), Fla.Stat. (1981) of the court order and accompanying application under which the interception was authorized or approved before allowing such testimony. The trial court found that disclosure under § 934.09(8) was not required for the purposes of the sentencing hearing. At the close of the sentencing hearing, the trial court adjudicated defendant guilty of failure to appear and sentenced him to four years imprisonment. Defendant contends that the trial court erred in hearing and considering the testimony which was derived from an intercepted wire communication without requiring disclosure pursuant to § 934.09(8). We agree.
The issue to be resolved is whether a sentencing hearing is a “trial, hearing, or other proceeding” within the meaning of § 934.09(8), Fla.Stat. Section 934.09(8) is for all intents and purposes identical to 18 U.S.C. § 2518(9) (1976), State v. Albano, 394 So.2d 1026 (Fla. 2d DCA 1981). Therefore, federal decisions interpreting the federal statute are instructive in determining the meaning of § 934.09(8). See generally, Hicks v. State, 359 So.2d 475 (Fla. 1st DCA), cert. denied, 364 So.2d 886 (Fla.1978). The legislative history of 18 U.S.C. § 2518(9) indicates that a “proceeding” includes all adversary type hearings and would include “a trial itself, a probation revocation proceeding, or a hearing on a motion for reduction of sentence.” S.Rep.No. 1097, 90th Cong., 2d Sess. (1968), reprinted in [1968] U.S.Code Cong. & Ad. News, 2112, 2194, 2195. It is therefore clear that a sentencing hearing is a “proceeding” within the federal counterpart to § 934.09(8). We see no reason why the same interpretation should not be given to § 934.09(8). Accordingly, we hold that a sentencing hearing is a “proceeding” within the meaning of § 934.09(8), Fla.Stat.
The trial' court erred in admitting testimony at the sentencing hearing which was derived from an intercepted wire communication, without requiring the disclosure provided for by § 934.09(8). Defendant’s sentence is therefore vacated and the *855 cause is remanded for resentencing consistent with this opinion.
LARRY G. SMITH and JOANOS, JJ., concur.