867 So.2d 501 (2004)
Gary L. VELDE, Jeffrey L. Velde, Jennifer Haze Velde, Kimberly Lynn Velde Monroy and S. Thomas Hamilton, Jr., as Personal Representative of the Estate of W. Lynn Velde, deceased, Appellants,
v.
Marilyn W. VELDE and Kimberly K. Wheeler, Appellees.
No. 4D02-436, 4D02-496.
District Court of Appeal of Florida, Fourth District.
February 25, 2004.
Rehearing Denied March 31, 2004.
*502 Richard V. Neill, Jr., of Neill Griffin Fowler Tierney Neill & Marquis, Fort Pierce, for appellants Gary L. Velde, Jeffrey L. Velde, Jennifer Haze Velde and Kimberly Lynn Velde Monroy.
Ralph L. Evans and John M. Stewart of Stewart & Evans, P.A., Vero Beach, and Jerald David August of August & Kulunas, P.A., West Palm Beach, for appellant S. Thomas Hamilton, Jr., as Personal Representative of the Estate of W. Lynn Velde, deceased.
John W. Little, III, and Barbara Bolton Litten of Steel Hector & Davis LLP, West Palm Beach, and David M. Carter and Susan L. Chenault of Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Haffner, P.A., Vero Beach, for appellee Marilyn W. Velde.
STEVENSON, J.
The consolidated appeals in this estate case concern whether the surviving spouse's election to take elective share was timely even though filed after the normal four-month election period mandated by section 732.212, Florida Statutes (1997). Because the wife commenced a "proceeding" to determine the complete extent of the estate subject to the elective share before the time for election had expired, we affirm the trial court's finding that the election was timely.
Warren Lynn Velde (decedent) died on October 9, 2000, and was survived by his spouse, Marilyn W. Velde (surviving spouse), four natural children, Jeffrey L. Velde, Gary L. Velde, Kimberly Lynn Velde Monroy and Jennifer Haze Velde (the Velde children), and the surviving spouse's daughter, Kimberly K. Wheeler, whom the decedent adopted.
On October 31, 2000, the trial court admitted the will to probate, appointed the personal representative, S. Thomas Hamilton, Jr., and issued letters of administration. On November 4, 2000, the personal representative published the first notice of administration. The estate inventory was required by statute to be filed by the personal representative by January 2, *503 2001. The personal representative sought an extension beyond the statutory period to file an inventory due to the size of the estate and location of the assets. The court extended the time to file the inventory until April 1, 2001.
The surviving spouse was required by section 732.212 to file her election to take elective share by March 4, 2001. In light of the court's order extending the time to file the inventory, the spouse sought an extension to take elective share, stating that her election was dependent upon the valuation of the estate as set forth in the inventory. Counsel for the personal representative advised the court that the estate did not object to the requested extension. On February 21, 2001, the court entered an order extending the time to make election until May 1, 2001. The Velde children allege that they were not provided notice of the surviving spouse's petition seeking extension and the court order extending the time to make election. The record does not refute this allegation.
A copy of the inventory was provided to the surviving spouse on April 3, 2001. However, on April 20, 2001, she filed a second petition to extend the time to make an election, stating she had questions about the inventory's "completeness" and had requested copies of the appraisals and other financial information relative to the estate's outstanding liens and mortgages, which could alter the elective share value. The personal representative orally advised the court that he did not object to the extension and the court gave the surviving spouse until June 8, 2001, to take elective share. Copies of the petition and order were not served on the Velde children.
A package containing the estate's asset valuation reports was provided to the spouse on May 15, 2001. On June 1, 2001, the spouse filed a third petition to extend the time to make election, stating that at least two of the items on the valuation summary sheet were estimates only, that a thorough review of the documents could not be accomplished by June 8, 2001, and attorneys for the estate and surviving spouse believed they could reach an agreement regarding elective share and/or distribution of certain estate assets. The attorney for the personal representative stipulated to the extension and the court extended the time to make election until June 25, 2001. The Velde children were once again not served with copies of the petition and order.
Each of the appellants subsequently filed petitions for declaratory relief, arguing that the surviving spouse did not make an election within four months of the first publication of notice of administration, or March 4, 2001, and her petitions for extension to take elective share could not toll the four-month statutory period because they were not "proceedings" within the meaning of section 732.212.[1] The trial court disagreed, finding that the petitions seeking to extend the time to take elective share were "proceedings" as contemplated by section 732.212; that section 732.212 was not a non-claim statute and, as such, the court could exercise its discretion to extend the period of time; that the personal representative had the authority to act on behalf of all the beneficiaries in consenting to the extensions, thus, the Velde children were not entitled to notice; and that the personal representative was estopped from challenging the validity of the orders extending time.[2]
*504 The governing provision, section 732.212, Florida Statutes (1997), provides:
The election shall be filed within 4 months from the date of the first publication of notice of administration, but, if a proceeding occurs involving the construction, admission to probate, or validity of the will or on any other matter affecting the estate whereby the complete extent of the estate subject to the elective share may be in doubt, the surviving spouse shall have 40 days from the date of termination of all the proceedings in which to elect.
The election in this case was filed on June 14, 2001, more than four months after the first publication of notice of administration. Thus, it is timely only if the period was extended by a "proceeding ... on any other matter affecting the estate whereby the complete extent of the estate subject to the elective share may be in doubt." § 732.212. The surviving spouse takes the position that the term "proceeding" contemplates a broader, less adversarial application to the court than litigation requires and, under that theory, either the personal representative's request for extension to file the inventory or her petitions for extension to make election are "proceedings," tolling the March 4, 2001 deadline to take elective share.
Section 732.212 does not define the term "proceeding," nor does it specify "when a proceeding occurs." In defining "proceeding," the tenets of statutory construction require that we give statutory language its plain and ordinary meaning, unless the word is defined in the statute or by the clear intent of the legislature. See Green v. State, 604 So.2d 471, 473 (Fla. 1992). "When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary." Seagrave v. State, 802 So.2d 281, 286 (Fla. 2001). The word "proceeding" can be used to describe both the entire course of action at law or suit in equity; or any of the possible steps in an action. See BLACK'S LAW DICTIONARY 1204 (6th ed.1995).
Courts in general have given a broad interpretation to the term "proceeding." See In re Wolverine Radio Co., 930 F.2d 1132, 1141 n. 14 (6th Cir.1991)("`[A]nything that occurs within a case is a proceeding.'")(quoting the congressional history of the 1978 legislature); In re Wood, 216 B.R. 1010, 1013 (Bankr.M.D.Fla. 1998)("`[T]he term `proceeding' is used to refer to the steps within the `case' and to any sub-action within the case that may raise a disputed or litigated matter.'")(quoting In re Wolverine, 930 F.2d at 1141 n. 14); Jackson v. State, 416 So.2d 853, 854 (Fla. 1st DCA 1982)(finding that the term "proceeding" under section 934.09(8) included all adversary type hearings, including sentencing); Cooper v. Carroll, 239 So.2d 511, 512-13 (Fla. 3d DCA 1970)(finding that the filing of a notice of dismissal by plaintiff constituted a "proceeding" within the meaning of rule 1.540(b), which authorized the trial court "to relieve a party from a final judgment, decree, order or proceeding")(emphasis in original).
In In re Estate of Tensfeldt, 839 So.2d 720 (Fla. 2d DCA 2003), the court had to determine if and when a proceeding had occurred under section 732.212, Florida Statutes (1997). There, the children claimed that they were entitled to two-thirds of the estate because of an agreement to make a will, which the decedent had made in a divorce settlement agreement. Although the children filed a "statement of claim" for the amounts owed under the settlement agreement and the *505 estate filed an objection thereto within the four-month election period, the children did not file a complaint to resolve the issue until a few days after the period had ended. The surviving spouse later filed an election to take elective share while the adversarial proceeding was still pending. See id. at 723.
The children argued that the election was untimely because the statutory period could not be extended due to the "statement of claim," but could only be extended on the basis of the formal adversarial complaint, which was not filed until after the four-month election period had expired. The Second District rejected this argument and held that the children's statement of claim and the estate's objection thereto was a "proceeding," which "occurred" at the time of the objection pursuant to section 732.212.
The specific question in this case is when a "proceeding occurs" under section 732.212. We have found no case squarely addressing this issue and we recognize that the amendments to the statutes will limit any precedential effect of this case. We conclude, however, that the probate court had the authority in this case to decide that the proceeding had "occurred" by the time the estate filed an objection to the children's claim. Such an interpretation of the statute appears consistent with the intent of the statutory provision allowing extensions when the extent of the estate is in question and is also consistent with Florida's strong public policy favoring protection of the surviving spouse.
839 So.2d at 726-27.
Returning to the instant case, we are mindful of appellants' argument that section 732.212 has its origin in the Uniform Probate Code (UPC), which states that a "`[p]roceeding' includes action at law and suit in equity." UNIF. PROBATE CODE § 1-201(37) (amended 1998), 8 U.L.A. 8 (Supp. I 2002). We first should point out that, while the word "proceeding" is defined generally for purposes of the UPC, it is not specifically used within the elective share section of the UPC, unlike section 732.212. See UNIF. PROBATE CODE § 2-205, 8 U.L.A. 310-11 (1998). Moreover, differences between the UPC and Florida's Probate Code convince us that the UPC's definition of "proceeding" is not controlling here.
In 1974, Florida enacted the Florida Probate Code (FPC) after a study commission was established to review the UPC adopted in 1969. See Henry A. Fenn & Edward F. Koren, The 1974 Florida Probate Code-A Marriage of Convenience, 27 U. FLA. L. REV. 1, 2 n. 8 (1974)(citing Ch. 74-106, Laws of Fla.). The FPC was organized and generally structured along the lines of both the UPC and existing Florida statutes. See id. Prior to the enactment of the FPC, Florida's elective share or "dower" statute required the surviving spouse to take elective share within seven months of the first publication of notice to creditors. See § 731.35(1), Fla. Stat. (1973). This time period was tolled only in the event of certain litigation:
Should litigation occur involving a contested claim or the construction, admission to probate, or validity of the will, or on any other matter affecting such estate whereby the full and complete extent of estate assets subject to dower may be in doubt, the surviving spouse shall have seventy days from the date of the final termination of all proceedings in all courts in any such litigation in which to elect to take dower.
§ 731.35(2), Fla. Stat. (1973)(emphasis added).
The UPC, on the other hand, allows the trial court the discretion to extend the time to take elective share for cause shown *506 and also allows the surviving spouse to withdraw her elective share election prior to the entry of the final judgment. While the 1974 version of the FPC modeled its elective share provision after the UPC, it omitted the provisions allowing the court to extend the time for cause shown or allowing the surviving spouse to withdraw her election. See § 732.202, Fla. Stat. (Supp.1974). Also, noticeably absent from the FPC was the UPC's definition of "proceeding." Instead, the 1974 version of the FPC reduced the time to take elective share to five months, but continued to provide that the time could only be tolled due to certain "litigation." See id.
In 1975, the FPC was amended in various sections "to provide clarification." See Ch. 75-220, at 499, Laws of Fla. At this juncture, the legislature removed all reference to "litigation" in the elective share statute, replacing it with the word "proceeding" and reducing the time to take elective share even further to four months. See § 732.212, Fla. Stat. (1975). The statute, however, continued to omit the provisions for extension or withdrawal of the elective share until the most recent amendment to the statute in 1999.[3] We believe that the legislature's omission of the latter provisions makes the FPC different from the UPC; thus, we must analyze the word "proceeding" in light of the provisions Florida opted to retain.
Choice is the principle upon which election depends.
[C]hoice involves knowledge, a knowledge both of the facts and of the law applicable to the subjects matter in reference to which the choice is to be made. In the absence of either branch of this knowledge, ... it cannot as a matter of fact be said that a choice has been made....
Stephens v. Gibbes, 14 Fla. 331, 358-59 (1873). Under Florida Probate Rule 5.340, the personal representative is allowed to seek as many extensions to file the inventory as the court will permit, even past the statutory period to take elective share, as was done in the instant case. The surviving spouse is, however, limited to the four-month period in which to make election, even where no inventory is filed, because section 732.212 does not allow for extensions. Florida courts have historically noted that it is inherently unfair to require the surviving spouse to make an elective share election under circumstances where she does not have full knowledge of the things between which she must choose. See Lopez v. Lopez, 96 So.2d 463 (Fla. 1957). See also Exch. Nat'l Bank of Winter Haven v. Smith, 148 Fla. 473, 4 So.2d 675, 677 (1941)("An unadvised election is upon the same basis as an election procured by fraud. It will not be of binding effect in equity, if she restores what she has received under the legacy, and others have not acted upon her election so as to be prejudiced by her dissent.") (citations omitted); Stephens, 14 Fla. at 359 (stating that a court of equity will permit a party who has acted in ignorance either of rights or facts, and who has thus failed to exercise his right of election, to exercise it when that knowledge is acquired).
While the legislative history provides no guidance as to why "litigation" was replaced *507 with "proceeding," we believe that the legislature contemplated and intended the word "proceeding" to have a broader interpretation than the term litigation would require. After reading the FPC, the companion rules and case law, we believe that to interpret the tolling period to be triggered only by litigation would not give effect to the legislature's intent and would yield an absurd result. See State v. Iacovone, 660 So.2d 1371 (Fla.1995). Thus, we hold that "proceeding" should be interpreted broadly enough to include proceedings such as the one at hand.
We believe that this broad interpretation serves the purpose for which the time restrictions in the FPC were adopted, which was to prevent delay in settlement as well as to allow executors and creditors to affirmatively ascertain the surviving spouse's interest. See Stephens, 14 Fla. at 358. It is also consistent with Florida's strong public policy favoring protection of the surviving spouse. See Tensfeldt, 839 So.2d at 727 (citing Via v. Putnam, 656 So.2d 460, 464 (Fla.1995)).
We also find that the petitions were matters calling into doubt the complete extent of the estate subject to the elective share. The personal representative acknowledged in his petition that this was not a typical estate, but consisted of "extensive" assets, some of which were located in foreign jurisdictions, and that "active investigation [was] underway to determine the extent of the assets." The surviving spouse's first petition, which was filed before the termination of the four-month statutory period, certainly raised doubts as to whether she should take elective share in light of the uncertainty of the extent of the estate. The surviving spouse's other petitions, which were extensions of the first petition, made even clearer her concerns regarding the size and extent of the estate and the accuracy of the personal representative's inventory. Overall, we believe that the petitions filed by the personal representative and the surviving spouse raised sufficient questions regarding the completeness of the estate to conclude that the tolling period under the statute was triggered.
Here, the surviving spouse took an available procedural step and sought information she was entitled to have to make an informed decision. This is particularly so because, prior to the 1999 amendments and under the circumstances of this case, Florida law suggests that the surviving spouse could not have withdrawn her election where the inventory was filed, and the withdrawal of election would have been after the four-month statutory period allowed under section 732.212. Compare Exch. Nat'l Bank of Winter Haven, 4 So.2d at 677 (stating that "a voluntary election by a widow to take under her husband's will made within the period allowed by statute for dissenting therefrom may be retracted by her during such period, where it has not induced action on the part of others which would make it inequitable to allow her to elect differently")(emphasis added), with Williams v. Williams, 114 Fla. 733, 154 So. 835, 837 (1934)(wherein the court held that an election to take under or against a will may not be changed, saying that to allow a withdrawal or revocation of the election would permit the party to take advantage of subsequent changes in the economic conditions and to select the most advantageous position), and Fla. Nat'l Bank of Jacksonville v. Tavel, 126 Fla. 415, 171 So. 231 (1936).
We find no merit in the Velde children's argument that the surviving spouse should have filed an action pursuant to section 732.214, Florida Statutes (1999), to determine elective share, or challenge the inventory under section 733.604, Florida *508 Statutes (1999). First, both provisions presuppose that the surviving spouse has already received the inventory. Here, the personal representative expressed to the court that it was impossible for him to prepare the inventory within the time specified by statute, and it ultimately was not filed until April 3, 2001. Secondly, even if these procedures were viable alternatives for the surviving spouse, we do not see them as precluding her from taking the steps she did to determine the extent of the estate.
We also agree that the Velde children's lack of notice of the initial petitions for extension of time and orders thereon, although improper, does not mandate a different result. As the surviving spouse points out, if the Velde children had received notice of the petitions and objected at that time, or the personal representative had objected to her petitions, there would be no question that there was a controversy regarding the extent of the estate subject to elective share. The fact that the claim was not contested does not change the determination of whether the petitions constitute "proceedings" within the meaning of section 732.212. See In re Anders' Estate, 197 So.2d 837, 839-40 (Fla. 1st DCA 1967)(noting, in the context of the predecessor statute, that the executor's cooperation with the surviving spouse in the course of her litigation against the estate did not remove her claim from the class of contested claims to which the statute is applicable).
Because the surviving spouse made an election within forty days of June 25, 2001, the date on which the order on the third petition for extension would have expired, we find her election to be timely. Accordingly, we affirm the decision of the trial court finding the surviving spouse's election to be timely. As a result, we need not determine whether section 732.212 is a statute of limitation or statute of non-claim and subject to equitable defenses.
AFFIRMED.
HAZOURI and MAY, JJ., concur.
NOTES
[1] After the personal representative filed his petition for declaratory relief, the surviving spouse in an "abundance of caution" made what she deemed to be a "premature" election on June 14, 2001.
[2] Prior to entry of the final judgment, the spouse was successful in obtaining an amendment to the inventory, reflecting over one million dollars in additional assets.
[3] Section 732.212, the elective share statute, was substantially revised in 1999. See Ch. 99-343, § 15, at 3570, Laws of Fla.; § 732.2155, Fla. Stat. (1999). The new statute allows the surviving spouse to petition the court for an extension of time for making an election and to withdraw an election within eight months of the decedent's death and before the court's order of contribution. See § 732.2135, Fla. Stat. (1999). However, because the decedent died before the current statute took effect, this case is governed by the 1997 version of section 732.212.